## WAXAHACHIE NURSERY CO. v. SANSOM, Sheriff.

(Court of Civil Appeals of Texas. Austin. May 24, 1911.)

1. SHERIFFS AND CONSTABLES (§ 125*)—MOTION AGAINST SHERIFF—STATUS OF PLAINTIFF.

Where a judgment creditor issued an execution on which the sheriff made no return, and by a petition or motion sought to hold the sheriff liable for his failure to make return, the sheriff is not entitled to object that the petition or motion against him does not show whether the plaintiff was a firm, partnership, or corporation, for the plaintiff's right to sue was determined in the former action.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 237–253, 330–337; Dec. Dig. § 125.*]

2. SHERIFFS AND CONSTABLES (§ 125*)—DEFECTS—WAIVER.

In the above case, the sheriff's filing a general denial waived his right to object to the failure of the petition to show the status of the plaintiff.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 237–253, 330–337; Dec. Dig. § 125.*]

3. PLEADING (§ 34*)—DEMURRER—CONSTRUCTION UPON DEMURRER.

All reasonable inferences and conclusions will be indulged in favor of a pleading challenged by general demurrer; and hence it cannot be presumed that a pleading so challenged was filed by a foreign corporation from the mere fact that the party filing the pleading had a corporate name.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66–75; Dec. Dig. § 34.*]

4. SHERIFFS AND CONSTABLES (§ 125*)—FAILURE TO MAKE RETURN OF EXECUTION—EXCUSE—BURDEN OF PROOF.

On a motion against a sheriff for failure to return an execution, the burden of proof is upon him to excuse his failure and to show that he could not have collected anything had he executed the writ.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 237–253, 330–337; Dec. Dig. § 125.*]

Appeal from McCulloch County Court; Harvey Walker, Judge.

Action by the Waxahachie Nursery Company against J. A. Barrett and another. There was a judgment for plaintiff, and execution was issued, but was not returned, and on a motion against T. L. Sansom, Sheriff, judgment was rendered for the sheriff, from which plaintiff appeals. Reversed and remanded.

This is an appeal from a judgment rendered upon a motion against a sheriff, by which motion the plaintiff sought to recover from the sheriff the amount of an execution which had been placed in his hands for collection. The motion reads as follows: "Waxahachie Nursery Co. v. J. A. Barrett and J. H. Garrett. No. 313. In the County Court of McCulloch County, Texas. Now comes the Waxahachie Nursery Company, plaintiff in the above entitled and numbered cause, and respectfully represents to the court: That

T. L. Sansom, a resident citizen of the county of McCulloch, state of Texas, is the duly qualified and acting sheriff of said McCulloch county, and was such at the times and dates hereinafter mentioned. That heretofore on the 6th day of May, 1910, plaintiff in the above entitled and numbered cause recovered judgment in this court for the sum of $273 with interest thereon at the rate of 8 per cent. per annum and $12.90 costs of suit against the defendants J. A. Barrett and J. H. Garrett in said cause. That afterwards on the 7th day of June, 1910, and after the adjournment of the term of this court at which such judgment was obtained, the clerk of this court issued an execution in said cause to carry out the orders of this court in said judgment, directed to the sheriff or any constable of McCulloch county, Tex., commanding him to make said moneys in said judgment mentioned returnable to the first day of the next term of this court. That on the same day of its said issue said clerk delivered said execution to said T. L. Sansom, as sheriff of said McCulloch county, Tex. That said T. L. Sansom received said execution in his official capacity, as sheriff as aforesaid, whereby he became officially bound to execute and return said execution as he was therein directed. That though there have been the beginning of two terms of this court since said sheriff, Sansom, received said execution, he has neglected and failed to return said execution to the clerk of this court, as he was commanded to do by said writ, and has neglected and failed to turn over to plaintiff or its counsel the moneys mentioned in said writ of execution. Whereby said T. L. Sansom as sheriff of McCulloch county, Tex., has become liable to pay plaintiff said sums of money in said writ of execution mentioned. That plaintiff is still the holder and owner of said judgment. Wherefore plaintiff moves the court and prays that said sheriff, T. L. Sansom, be served with a copy of this motion, and that plaintiff have judgment against him, as sheriff as aforesaid, for said sum of $273 with 8 per cent. per annum interest thereon from May 6, 1910, $12.90 costs therein mentioned in said execution, costs of this motion, and plaintiff prays for general relief and such process as it may be entitled to. A. G. Walker, Attorney for Plaintiff."

The defendant first filed a general denial, and thereafter, on a subsequent day, he filed an amended original answer containing: (1) A motion to abate and dismiss the plaintiff's motion; (2) an exception which was a general demurrer to the plaintiff's motion; and (3) a general denial.

The trial court sustained the defendant's demurrer and motion to dismiss, and, the plaintiff having declined to amend, its petition or motion was dismissed, and it has appealed and assigned that action of the trial court as error.

A. G. Walker, for appellant. J. E. Brown, for appellee.

KEY, C. J. (after stating the facts as above). We sustain appellant's contention and reverse and remand the case. If the facts alleged in appellant's motion are true, then, by force of article 2387 of the Revised Statutes, appellant was entitled to judgment against appellee for the amount of the judgment upon which the execution was issued, unless appellee pleaded and proved a sufficient excuse for not having returned the execution. Hale v. Bickett, 34 Tex. Civ. App. 369, 78 S. W. 531.

[1] In support of the action of the trial court, counsel for appellee presents the contention that the petition or motion showed no cause of action against the defendant, because it was made by the Waxahachie Nursery Company, without stating that said company was a firm, partnership, or corporation. We overrule that contention. The motion shows on its face that the plaintiff who presents it is the plaintiff who recovered the judgment upon which the execution was issued. The question of the plaintiff's right to sue was determined before the judgment in its favor was rendered, and before the execution which was placed in appellee's hands was issued, and the latter never had any right to raise that question.

[2] Furthermore, if he ever had such right, he waived it when he filed his general denial, and he could not, by filing an amended original answer, avoid the effect of that waiver.

[3] Counsel for appellee urge the further contention that a foreign corporation has no right to sue in the courts of this state without complying with the laws of this state, and securing a permit to do business. And it is asserted that no presumption will be indulged in favor of the plaintiff's petition when passing upon a general exception thereto, and we are asked to presume that the plaintiff in this case was a foreign corporation. We do not hesitate to overrule that contention, because it is well settled that, as against a general demurrer, all reasonable inferences and conclusions will be indulged in favor of the pleading so challenged. That proposition of law is too well settled to require citation of authorities.

[4] It is also contended that appellant's petition or motion was insufficient because it failed to show that appellee could have collected the money by executing the writ. The burden rested upon appellee, and not upon appellant, on that point. Hale v. Bickett, supra.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.