Smith  v.  Perry.

ASA SMITH AND OTHERS v. WILLIAM B. PERRY AND ANOTHER.

The Statute provides that for failure to return an execution on the day and at the place the same shall be made returnable, the Sheriff shall be liable to pay to the plaintiff in execution the full amount of the debt, interest and costs.

The construction which these cases (previous decisions referred to) have put upon the Statute, and which we see no reason to depart from in the present case, is, that a Sheriff who fails to return an execution as directed by law, is *prima facie*, liable to the plaintiff in execution for the full amount of the debt, interest and costs ; but the officer may avoid such liability by proof showing a reasonable excuse for his failure to return the execution, or that the plaintiff has sustained no injury.

The burden of proof is on the officer ; and in a case like the present, (where the ground on which it was contended that the plaintiff had sustained no injury, was that the defendant in execution had no property,) he may be held liable, at all events, for nominal damages and costs, as in the case of an ordinary action against him.   In Hamilton v. Ward we held otherwise ; but there the debt had been fully paid before the proceeding against the Sheriff had commenced.   There was not even an apparent right of action at the time of instituting the proceeding ; which distinguishes that from the present case.

In a suit or motion against a Sheriff and his sureties, for failure to return an execution, if the defendants allege and prove that the defendant in execution was insolvent and had no property in that or any other county, out of which any part of the money could be made, the plaintiffs can only recover nominal damages.


Error from Colorado.   Tried below before the Hon. Nelson H. Munger.

Suit by defendants in error, William B. and George L. Perry, against plaintiffs in error, Asa Smith and the sureties on his bond, for failure of said Smith, as Sheriff of Colorado county, to return two executions in favor of plaintiffs, one against D. H. Rhine, and the other against A. C. Crawford. The judgments were recovered at the Spring Term, 1853, and the executions were issued returnable to the next Term.   This suit was commenced on the 29th of November, 1854 ; and the

defence was that Rhine and Crawford were both utterly insol-
vent, and had no property in that or any other county, out of
which any part of the money could have been made. There
was no exception to this defence. A jury was waived. There
was ample evidence to sustain the defence ; but the Court
gave judgment for the plaintiffs.

*J. H. Robson*, for plaintiffs in error.

*G. W. Smith*, for defendants in error.

WHEELER, J. In the rendition of judgment, the Court evi-
dently proceeded on the ground that the insolvency of the
defendants in execution, and the fact that the plaintiffs had
sustained no injury by reason of the default of the Sheriff, did
not affect their right under the Statute (Hart. Dig. Art. 1346)
to have judgment against him and his sureties for the full
amount of the debt, interest and costs. The judgment can
only be supported on the ground that the Statute fixes abso-
lutely the measure of the plaintiffs' damage ; and it makes no
difference that they have not been injured by the default of the
Sheriff ; they are entitled to their judgment irrespective of
the question of injury. If this view of the law be correct, it
would make no difference, though after the issuance of the
execution, the debt had been paid. The principle upon
which the liability of the officer is made to rest, would
apply as well to that case as the present. The contrary,
however, was decided in the case of Hamilton v. Ward.
(4 Tex. R. 356.) The primary object of the Statute was
held to be to give compensation to the party for the injury
occasioned by the default of the officer ; and where no injury
had been sustained, it was held, there could be no right to
compensation. Accordingly, it appearing that after the de-
fault, the plaintiff had been paid his debt, it was decided that

Smith  v.  Perry.

he could not proceed against the Sheriff for failing to return
the execution.   And in Underwood v. Russell (Id. 175) it was
held, that although the Statute did not, in express terms, ad-
mit of any excuse for the default of the officer, yet it must be
intended that a reasonable excuse would be heard ; and such
excuse was there held to acquit the Sheriff of liability.   The
construction which these cases have put upon the Statute, and
which we see no cause to depart from in the present case, is,
that a Sheriff who fails to return an execution as directed by
law, is, *prima facie*, liable to the plaintiff in execution for
the full amount of the debt, interest and costs.   That, *prima
facie*, is the measure of the plaintiff's damages.   But it is not
conclusive : and the officer may avoid such liability by proof
showing a reasonable excuse for his failure to return the exe-
cution ; or that the plaintiff has sustained no injury.   The
burden of proof is upon the officer ; and, in a case like the
present, he may be held liable, at all events, for nominal dama-
ges and costs, as in the case of an ordinary action against
him.*   (Sedg. on Meas. Dam. 509, 2d ed.)   In Hamilton v.
Ward we held otherwise ; but there the debt had been fully
paid and satisfied before the proceeding against the Sheriff
was commenced.   There was not even an apparent right of
action at the time of instituting the proceeding ; which distin-
guishes that from the present case.

Where, under Statutes similar, perhaps, to ours, the insol-
vency of the judgment debtor has not been admitted as a de-
fence, or in mitigation of damages, the party who would pro-
ceed against the officer for a failure to return the execution is

---

\* The proceedings in this case were commenced by a formal petition, filed in
vacation ; and the defendants were cited as in ordinary cases.   In the margin
of the Transcript, at the commencement of the petition, the word "motion" was
written, with the date of filing, and signature of the Clerk.   The defendants,
in their answer, denominated this first paper as " the petition and notice of
motion ;" in the statement of facts it was called " plaintiffs' notice of motion or
petition."   Smith was not Sheriff when this proceeding was commenced.—REPS.

required to institute his proceeding promptly : otherwise he is barred of his remedy. Here it is provided by Statute that the motion against the Sheriff and his sureties may be made at any time within five years from the day on which the execution was returnable, (Hart. Dig. Art. 2378,) and but three days' notice is required to be given of the motion. (Id. Art. 1346.) The only security which the officer has, where he has made due return of the execution, is that the Clerk will do his duty in recording the return and preserving the evidences of it. It is not improbable that the officer, summoned to answer upon so short a notice, years after the alleged default and after he has gone out of office, may sometimes be placed apparently in default when really he had performed his duty. The tepmtation to seek to fix liability upon him, will, of course, be in proportion to the difficulty of collecting the debt from the judgment debtor. In Kentucky, where, it seems, the insolvency of the defendant in execution has not been admitted as a defence under their Statute, the Court, on one occasion, remarked, that executions have sometimes issued against men hopelessly bankrupt, with no other design than to take advantage of some possible slip, or omission, of the officer of the law. (Per Robertson, Ch. J., 3 J. J. Marsh. 224.) We might expect to witness similar abuses—and the opportunities for practicing them would be greater here, owing to the greater length of time allowed within which to make the experiment—if the officer were to be held liable at all events. Sheriffs should be held to a strict accountability ; and wherever injury has or may have resulted to a party, from neglect of duty by themselves or their deputies, they and their sureties should be made responsible. But the officer ought not to be subjected to such perils and penalties for mere technical defaults, where no one has been injured, as that no discreet or judicious man would be willing to take upon himself the responsibility of the office. It cannot be supposed that the Legislature intended, nor does the language of the Statute require a construction which would

Vol. XVIII. 33

impose such penalties for the benefit of those who have not been injured by the direliction of the officer. The primary object of the Statute must have been to afford a redress for injuries. It could not have been intended to hold out a temptation, and afford the opportunity, to those who had sustained no injury, and consequently could have no real ground of complaint, to speculate upon the direlictions of the officer. If the primary object had been to impose a penalty by way of punishment, it would not have been provided that the penalty should go the plaintiff in execution, in cases where, not being an injured party, he could have no right to claim it. It provides that for failing to return an execution, on the day and at the place the same shall be made returnable, the Sheriff " shall be liable to pay the plaintiff in execution the full amount of the debt, interest and costs." But it does not necessarily result that he shall be so liable at all events, although he may have a reasonable excuse, and although the plaintiff may have a reasonable excuse, and although the plaintiff has not been injured or hindered im the collection of his debt. It goes upon the general presumption that the debtor is solvent, and that the neglect of duty will result in injury. But where the opposite is shown to be the fact, the case does not come within the object and policy of the law. If therefore the question were an open one, we think the construction heretofore placed upon the Statute, by the cases to which we have referred, the true construction. The present case comes clearly within the principle of those decisions ; conformity to which requires that the judgment be reversed ; and the cause will be remanded for a new trial.

Reversed and remanded.