**VALLEY PLUMBING & SUPPLY CO. et al. v. B. F. GOODRICH RUBBER CO.**
(No. 7115.)

Court of Civil Appeals of Texas. Austin.
May 11, 1927.

1. **Sheriffs and constables ⬅159—Evidence held to show that prompt execution, levy, and sale would have resulted in bankruptcy.**

In summary proceeding against sheriff and his bondsmen for failure promptly to make levy and sale under alias execution against corporation, evidence *held* to show that such action would have resulted in corporation being adjudged a bankrupt, so that plaintiff suffered no injury.

2. **Corporations ⬅422(3)—Statement by corporation's controlling officer that execution levy and sale would result in immediate bankruptcy proceedings held to absolve sheriff from liability for delay, though not informed of directors' decision.**

Action of corporation's chief stockholder, president, and general manager, authorized to determine company's policies and action in all matters, in informing sheriff that corporation would take bankruptcy immediately on attempted levy and sale under execution, *held* binding on corporation and board of directors, so as to absolve sheriff from liability to plaintiff for failure promptly to make levy and sale, even if board's decision was not communicated to him.

3. **Sheriffs and constables ⬅159—That voluntary bankruptcy petition would have been filed before execution sale held defense to summary proceeding against sheriff and bondsmen for delay.**

That voluntary petition in bankruptcy would have been filed before execution sale could be made and proceeds paid to plaintiff *held* defense to summary proceeding against sheriff for failure promptly to make levy and sale.

Appeal from Dallas County Court, at Law, No. 1; Paine L. Bush, Judge.

Summary proceeding by the B. F. Goodrich Rubber Company against the Sheriff of Cameron County and his bondsmen, for failure promptly to make levy and sale under an alias execution against the Valley Plumbing & Supply Company. From a judgment for plaintiff, defendants and the supply company appeal. Reversed and rendered.

Stennis & Stennis, of Dallas, for appellants.
Handley & Handley, of Dallas, for appellee.

BAUGH, J. This is an appeal from a judgment in the county court of Dallas county, in a summary proceeding brought therein, wherein the B. F. Goodrich Rubber Company of Dallas, Tex., obtained a judgment against the sheriff of Cameron county and his bondsmen, for failure to promptly make levy and sale under an alias execution against the Valley Plumbing & Supply Company, a corporation doing business in Cameron county, Tex. The judgment against the sheriff and his bondsmen was for the full amount of the judgment obtained in Dallas county by the rubber company against the plumbing and supply company.

This is the second appeal of this case. On the first trial judgment was rendered in the trial court in favor of the sheriff and his bondsmen. On appeal from that judgment, the case was transferred to the Waco Court

of Civil Appeals and reversed by that court. See 267 S. W. 1036. The opinion on the former appeal fully states the facts of the case, and we deem it unnecessary to state them in detail here.

The alias execution was placed in the hands of the Cameron county sheriff on February 13, 1922; he levied upon the stock of goods of the plumbing and supply company on March 4, 1922; on March 17th he notified the plaintiff, appellee herein, that the plumbing and supply company would go into bankruptcy in a day or two; and the plumbing and supply company was adjudicated a bankrupt on March 29th thereafter.

We do not deem it necessary to enter upon any general discussion of the liabilities of the sheriff for failure to promptly make levy and sale, or a proper return showing reasons for not doing so, on execution placed in his hands. The statute (article 3825, R. S. 1925) is clear and explicit on this matter, and was fully discussed on the former appeal. See. also, Harston v. Langston (Tex. Civ. App.) 292 S. W. 648.

Several issues are raised, but inasmuch as we have reached the conclusion that one of them disposes of the case we shall pretermit a discussion of the others. In reversing the case on the former appeal, Chief Justice Gallagher used the following language:

"If it should be shown upon another trial that the defendant in said execution was at the time the same was placed in the hands of the sheriff insolvent, as that term is herein defined, and that if said execution had been promptly levied upon the property of the defendant and sale of such property promptly advertised, a voluntary petition in bankruptcy would have been filed before such sale could have been made, and the proceeds paid over to the plaintiff, such showing would be a defense to plaintiff's demands in this proceeding."

On that appeal the court also sustained the appellant's assignment complaining of the lack of evidence to support the trial court's finding that the plumbing and supply company was insolvent on February 13, 1922, and at all times thereafter.

[1] On this appeal the trial court again made such finding, which is not controverted; nor is it controverted that the sheriff in whose hands the execution was placed knew at the time he received the same and at all times thereafter that the judgment debtor, the plumbing and supply company, was insolvent. The question remaining, therefore, is whether or not it was shown that a levy and an attempted sale of the stock of goods belonging to the plumbing and supply company at any time after the receipt of the execution would have precipitated an immediate proceeding in bankruptcy. On this issue J. S. Rowe, president and general manager of the Valley Plumbing & Supply Company, after setting out in his depositions some ten or eleven judgments, aggregating more than $2,500, obtained by various parties prior to that obtained by the Goodrich Rubber Company, and executions on all of which had been placed in the sheriff's hands, testified as follows:

"These judgment creditors made their attempt through the sheriff, Mr. W. T. Vann, to collect these judgments, and he notified me beforehand that he had executions for the collection of these judgments. I told Mr. Vann that I was negotiating a loan, which, if put through, would pay off all these judgments; that I would advise him as soon as possible whether or not my negotiations were successful. The negotiations were not successful, and I advised Mr. Vann that the company was not able to pay the judgments, and would go into voluntary bankruptcy. This conversation with Mr. Vann occurred on, before, and after February 13, 1922, at numerous times and places.

"The board of directors of the Valley Plumbing & Supply Company had made a decision as to what the company would do in the event any of the executions held by the sheriff on or about February 13, 1922, should be executed by a levy on any of its property. In this connection I will state that I was the majority stockholder in the Valley Plumbing & Supply Company; that the management and care of the business was in my hands, and that I had the authority to determine the policies and the action of the company in any and all matters; that the only other stockholder besides myself and my wife was a man living in the Hawaiian Islands, and our connection, on account of the distance, was rather remote. I decided, and so advised Sheriff Vann on numerous occasions, that, if the loan for which I was negotiating, and from the proceeds of which I expected to satisfy these judgments, failed to go through, the company would file a voluntary petition in bankruptcy. These negotiations failed, and the voluntary petition in bankruptcy was filed as I had stated to the sheriff that it would be."

The trial court, in his findings of fact, found as follows:

"The board of directors of defendant in said execution, Valley Plumbing & Supply Company, had, on February 13, 1922, reached a decision as to what would be done in the event any of the executions in the hands of said sheriff were executed by a levy upon any of its property, but it was not shown what the decision was, or that the same was communicated to said sheriff.

"It was not shown that, if said execution had been promptly levied upon the property of the defendant Valley Plumbing & Supply Company, and sale of such property promptly had, a voluntary petition in bankruptcy would have been filed before such sale could have been made and the proceeds paid over to plaintiff."

There was no other evidence on this question than that above set out. In our opinion the trial court's findings are not only not sustained by the facts, but are contrary to the uncontroverted and undisputed testimony of the witness Rowe, and that un-

der that testimony the sheriff clearly established the defense set out in Judge Gallagher's opinion, supra. Taking the testimony in its logical connection, we think the conclusion is unavoidable that the information conveyed to the sheriff by Mr. Rowe was that, in the event of an attempted levy and sale under execution, the corporation, then being wholly insolvent, which fact is not controverted by the appellee, would immediately take bankruptcy, and that, had the sheriff made the levy in favor of the Goodrich Rubber Company and advertised for sale its stock of goods thereunder, such action would have resulted in the plumbing and supply company being adjudged a bankrupt, as it was on March 29th, the rubber company would have gained nothing for its pains, and has therefore suffered no injury.

[2] Even, however, if the decision of the board of directors as such was not communicated to the sheriff, the result is the same in any event. It is not denied that Mr. Rowe was the chief stockholder, president, and general manager, and that he was authorized "to determine the policies and the action of the company in any and all matters." With such broad and general powers vested in him, his action in the premises would be binding on the corporation and its board of directors. 14a Corpus Juris, 358.

[3] We have concluded, therefore, that the sheriff has, under the uncontroverted evidence, made such showing as would be "a defense to plaintiff's demands in this proceeding," as laid down in the opinion on the former appeal in this case.

Judgment of the trial court is therefore reversed, and judgment here rendered for the appellants.

Reversed and rendered.