### ROOS et al. v. GARNER et al.
### No. 10895.

Court of Civil Appeals of Texas. Dallas.
Nov. 7, 1931.

Rehearing Denied Dec. 19, 1931.

Fred J. Dudley and Wm. Madden Hill, both of Dallas, for plaintiffs in error.

Howth, Adams & Hart, of Beaumont, and Wm M. Cramer, of Dallas, for defendants in error.

LOONEY, J.

On May 8, 1928, Roos-Freedman-Shayn Company, a partnership, recovered judgment in the court below against Effie Sanders, for the sum of $354.54, upon which, after the issuance and return of an original execution to Dallas county, an alias was issued May 29, 1928, directed to Jefferson county, the residence of defendant, and was placed in the hands of T. H. Garner, sheriff of said county. The sheriff having failed to levy thereunder, or to make collection, a pluries writ issued August 22, 1928, and was likewise delivered to the sheriff for collection, but no levy was made until October 13, 1928, when he levied on certain ladies' dress goods, as the property of defendant in execution, and advertised the sale thereof for October 23, 1928; but Effie Sanders having, in the meantime, been adjudged an involuntary bankrupt, the sale was prevented by an order from the referee in bankruptcy.

On this record, plaintiffs in the execution moved against the sheriff and his official sureties, E. T. Fuller and Ed. C. Cherry, under article 3825, R. S. 1925, which provides that: "Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties." In their motion, after averring predicate facts, plaintiff alleged in substance that the sheriff failed and refused to levy under the alias execution, and failed and neglected to levy under the pluries writ, until on October 13, 1928, and, in this connection, plaintiff alleged that: "Further action was prevented by some character of stay order, or adjudication. That an involuntary petition in bankruptcy was filed against the defendant, Effie Sanders, on the 16th day of October, 1928, and she was adjudicated a bankrupt on the 23rd day of October, 1928." Plaintiffs sought recovery, as damages for this dereliction, the full amount of their judgment, interest and costs, less $52 received from the referee as a dividend on their claim against the Effie Sanders estate in bankruptcy. Defendant's answer was a general denial, and the only intimation of an avoidance that can be considered was presented by plaintiffs' allegations in regard to the bankruptcy proceedings above set out.

The court having found that plaintiffs failed to prove that during the time the alias execution was in the hands of the sheriff, Effie Sanders owned property in Jefferson county subject to execution sufficient to satisfy the judgment, and failed to prove that, between the dates the pluries writ was delivered (August 30, 1928) and the levy, that property belonging to Effie Sanders, subject to execution, was pointed out to the sheriff by plaintiffs and failed to show that after finding any such property the sheriff failed and refused to levy upon and sell same, thereupon concluded, as a matter of law, that plaintiffs failed to meet the burden imposed upon them and denied recovery, from which this appeal is prosecuted. The questions discussed are properly before us for review.

Under a plain statute, it was the duty of the sheriff when the alias writ was placed in his hands, also when he received the pluries, to proceed without delay to make a levy upon property in Jefferson county belonging to the execution defendant (article 3788, R. S. 1925). The record discloses, however, that

he wholly failed to levy the alias and delayed levying the pluries from August 30, 1928, the date of its reception until October 13, 1928, and he neither explained nor sought to avoid this apparent dereliction. If he had an explanation, that is, if he could have avoided this apparent neglect of duty, he should have alleged and made proof of such special matters of defense. See Moody & Co. v. Rowland, 100 Tex. 363, 370, 99 S. W. 1112, 1115; Reilly v. Lewis (Tex. Civ. App.) 47 S. W. 552.

■ The record discloses that Effie Sanders conducted a mercantile business in Beaumont, known as Effie Sanders' Ladies Shop, in which, on October 13, 1928, the sheriff found and levied upon twenty-three ladies' silk dresses and three ladies' woolen dresses, presumably of sufficient value to realize on sale the amount of the judgment and costs. The record discloses, further, that the estate in bankruptcy of Effie Sanders was of sufficient value, after paying costs of administration, to produce about $400, as a dividend for distribution among creditors. These facts show, at least prima facie, that by acting with diligence, under either writ, the sheriff could have collected the judgment. Under these facts, the burden rested on defendants to excuse or avoid, by appropriate pleading and proof, this apparent dereliction of duty. Smith v. Perry, 18 Tex. 510, 70 Am. Dec. 295; Walton v. Compton, 28 Tex. 576; Smothers v. Field, 65 Tex. 435, 437.

■■ Even if defendants had pleaded in avoidance that Effie Sanders was insolvent, which they did not do, the burden would nevertheless have been upon them to show that the judgment could not have been made by the exercise of reasonable diligence, for if officers do their duty, even under such circumstances, a judgment creditor may make his money by prompt levy and sale. Griswold v. Chandler, 22 Tex. 638; Ellis y. Blanks (Tex. Civ. App.) 25 S. W. 309, 310. We do not think the fact that Effie Sanders was adjudged an involuntary bankrupt (October 23, 1928) alters the case in the least. It is true, plaintiff's own allegations show, that, after the sheriff had made the levy on October 13, 1928, he was prevented from consummating a sale thereunder by an order issued by the referee in bankruptcy, yet this fact would not relieve the sheriff from the consequences of his prior failure to act under the alias writ, nor from the consequences of his delayed action under the pluries writ, for it is apparent that, after receiving the pluries (August 30, 1928), by prompt action the sheriff could have levied, advertised, and consummated a sale before the proceedings in bankruptcy supervened. Goodrich Rubber Co. v. Valley, etc., Co. (Tex. Civ. App.) 267 S. W. 1036; Hale v. Lange (Tex. Civ. App.) 8 S.W. (2d) 1046, 1048. Nor can the contention be urged, as in other cases, that a levy would necessarily have precipitated bankruptcy and nullified the levy (under section 67f, Bankruptcy Act, 11 USCA § 107(f), because no such defense was presented below. See Valley, etc., Co. v. B. F. Goodrich Rubber Co. (Tex. Civ. App.) 296 S. W. 661.

■ The case, as fully developed, reveals that the sheriff was inexcusably negligent, and that as a proximate result plaintiffs were damaged the amount of their judgment, interest and costs, less the sum of $52 paid as a dividend upon their claim. We therefore reverse the judgment below and render judgment for plaintiffs in error against T. H. Garner, sheriff, and E. T. Fuller and Ed. C. Cherry, sureties, for $367.25, the amount due June 26, 1930 (date of the judgment below), with 6 per cent. interest thereon from that date, also $11.10 costs in the original proceedings, together with all costs of this proceeding incurred in this and in the court below.

Reversed and rendered.

### On Motion for Rehearing.

Defendants in error, in their motion for rehearing, insist that we made a finding without supporting evidence, where, in the original opinion, we stated that: "The record discloses that Effie Sanders conducted a mercantile business in Beaumont, known as Effie Sanders' Ladies Shop, in which, on October 13, 1928, the sheriff found and levied upon twenty-three ladies' silk dresses and three ladies' woolen dresses, presumably of sufficient value to realize on sale the amount of the judgment and costs," etc. The challenge is that: "The only evidence in this case as to what Mrs. Sanders was doing, and as to what property if any she had in Jefferson County, is contained in a letter from the Referee in Bankruptcy, which was admissible in this case only for the purpose of showing the amount of money received by the plaintiff in the bankruptcy case," etc.

Whether Effie Sanders was or was not engaged in a mercantile business during the time mentioned is, in our opinion, wholly immaterial; the fact was mentioned simply as part of the narrative. The record discloses, however, that after considerable delay and prodding by attorneys for plaintiffs in execution, the sheriff made a levy and on October 15th wrote attorneys to that effect, stating that sale thereunder would take place October 23, 1928, inclosing copy of the notice of sale, the pertinent parts of which are these: "* * * By virtue of an order of sale issued out of the Honorable County Court at Law Court of Dallas County on the 22nd day of August 1928, by the clerk thereof in the case of Ross-Freedman Shayn Company versus Effie Sanders (Effie Sanders Ladies Shop) No. 17557, and to me, as sheriff, directed and delivered I will proceed to sell, within the hours prescribed by law for Sheriff's sales on the 23rd day of October, A. D. 1928 at

Beaumont, Texas, in the City of Beaumont, Jefferson County, Texas the following described personal property, to wit: 23 Ladies Silk dresses and 3 Ladies Woolen dresses, levied on as the property of Effie Sanders (Effie Sanders Ladies Shop)," etc.

We do not think it a very great tax on the imagination to assume from the recitations of the sheriff's notice of sale that, during the time involved, "Effie Sanders conducted a mercantile business in Beaumont, known as Effie Sanders Ladies Shop."

After a careful consideration of all grounds urged for rehearing, we adhere to the decision heretofore rendered; therefore overrule the motion.