## BLANSCET v. PALO DURO FURNITURE CO.
### No. 4154.

Court of Civil Appeals of Texas. Amarillo. Feb. 12, 1934.

John F. Sturgeon, of Pampa, for appellant.

Cooper & Lumpkin, of Amarillo, for appellee.

MARTIN, Justice.

On November 2, 1932, appellee recovered a judgment in the county court of Potter county against S. H. Boozikee for the sum of $478.61, with a foreclosure of its chattel mortgage lien on certain personal property then and thereafter situated in Gray county, Tex. On December 3, 1932, thereafter, an order of sale was issued on said judgment, addressed to the sheriff or any constable of Gray county, Tex., commanding him to seize and sell the property therein described and said order of sale was forwarded to appellant, then sheriff of Gray county, on December 3, 1932, with the request that he levy upon the property, advertise same for sale, and advise the attorneys for appellee of the date of sale. Having failed to hear from this, the attorneys for appellee took the matter up with appellant and was advised that he knew nothing about such order of sale. He shortly thereafter found it with his civil deputy. It had not been executed. On January 2d, appellant's term of office expired and he was succeeded as sheriff by C. E. Pipes. Pipes not having executed said order of sale, appellee on May 3, 1933, filed a motion against both Blanscet and Pipes and the sureties upon their respective bonds, to show cause why they should not pay the said judgment under and by virtue of articles 3825 and 3826 of the Revised Statutes of Texas.

Appellant filed answer, the nature of which it is unnecessary to state.

Thereafter, upon a hearing in the county court of Potter county, judgment was rendered as prayed for against appellant and Pipes and some of their sureties. Appellant alone has appealed.

The judgment of the trial court is apparently based both upon article 3825 and article 3826. We regard the terms of the former only as applicable to the facts proven against appellant Blanscet. This article reads as follows: "Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties."

Appellant's first contention is that since this statute must be strictly construed, and uses the word "execution," an order of sale does not come within its terms, and therefore the present judgment based upon a failure and refusal to execute an order of sale is without statutory authority. The term "execution" comprehended and included "order of sale" within its meaning from our earliest judicial history. At the time it was cast by the Legislature into the above article, its meaning was definite and certain, and we will presume the term was used in the sense of its settled judicial interpretation. We quote:

"The terms 'order of sale,' and 'execution' are used interchangeably. Whether the writ which the officer holds be called an execution or an order of sale, it is but a written command, under the seal of the court, authorizing and directing him to execute its judgment. Burkett v. Clark, 64 N. W. 1113,

1115, 46 Neb. 466 (citing Kelley·v. Vincent, 8 Ohio St. 415)." 6 Words and Phrases, First Series, p. 5024.

"The term, execution, applies to all process issued to carry into effect the final judgment of a court. Any writ, which authorizes the officer to carry into effect such judgment, is an execution. We see no cause to doubt that it was used in this comprehensive sense in the statute." Pierson v. Hammond, 22 Tex. 585.

See, also, Rule v. Richards (Tex. Civ. App.) 159 S. W. 386, and Carlton v. Hoff (Tex. Civ. App.) 292 S. W. 642. This assignment is overruled.

The order of sale in question was returnable February 6, 1933. Appellant went out of office as sheriff January 2, 1933. It is contended that appellant had the full time, until February 6th, to make the levy and therefore is not liable since his term of office expired prior to the last named date. We do not so interpret article 3825. His liability thereunder is fixed by a failure or refusal "to levy upon or sell any property * * * when the same might have· been done." If the judgment herein was based solely on article 3826, fixing liability for failure to make a return, or the making of a false return, an entirely different question would be presented. The two articles are applicable to different and distinct acts of dereliction of duty, and the terms of the latter may not be extended to include the former, as would be the effect of a holding in accordance with appellant's views.

Nor do we think a general demurrer was good to appellee's motion, because the statutory allegation "when the same might have been done" was omitted therefrom. Every reasonable intendment will be indulged in support of allegations as against a general demurrer. A refusal to levy and sell was specifically alleged, together with facts which showed ample time for same before the expiration of appellant's term of office.

It is plausibly and vigorously contended that in no event could appellant be liable to appellee for more than the amount lost to it by reason of appellant's dereliction of duty. This seems correct as an abstract proposition of law, but appellee having made out a prima facie case under the statute, the burden was upon appellant to plead and prove that no injury was sustained by appellee. Smith v. Perry, 18 Tex. 510, 70 Am. Dec. 295; Guerguin v. McGown (Tex. Civ. App.) 53 S. W. 585; Roos v. Garner (Tex.

Civ. App.) 45 S.W.(2d) 633. In this case there is an entire absence of both pleading and proof on this subject. True it was proven that the mortgaged property was then in Gray county, but we do not think this discharged the burden, particularly since no such defense was pleaded, or apparently relied on in the trial court.

Finally, we notice the contention of appellant that the evidence is insufficient to support the court's findings and judgment.

Among the findings of fact are the following:

"That Lon L. Blanscet as sheriff of Gray County, Texas, as aforesaid failed and refused to levy or sell the property mentioned and described in said order of sale when he could have done so after he received said order of sale by the use of any degree of care.

"That Lon L. Blanscet, after he received said order of sale, neglected and refused to return same but left same in his office when he turned the office over ·to E. C. Pipes, his successor, on January 2nd, 1933.

"That E. C. Pipes, after he qualified as sheriff of Gray County, Texas, as aforesaid, on January 2nd, 1933, failed and refused to levy upon and sell the property mentioned in the order of sale when he could have done so by the use of any degree of care, and he neglected, failed and refused to return said order of sale.

"That the order of sale issued on December 3rd, 1932, as aforesaid, has never been returned to the County Clerk of Potter County, Texas, nor to the plaintiff nor its attorneys."

Particular stress is laid upon the fact that Blanscet testified that he and his deputies endeavored to find the property in Gray county, as well as Boozikee, and were unable to find either until after his term of office had expired. There is some discrepancy in the testimony of Blanscet and Pipes. It appears that Pipes found the order of sale in question in a drawer back of some stationery out of its place, after having searched for some two or three days; that thereafter he endeavored to and did locate the property in question, but declined to levy on it without an indemnity bond. The property apparently was in Pampa, Gray county, Tex., all the time, and it is inferable that Blanscet could have·found it if he had used due diligence, since his successor did so in a very short time. Without tediously repeating all the testimony, we think it was sufficient to raise an issue and sup-

530

port an implied finding of the trial court that appellant could have found the property if he had used due diligence and that his failure to do so constituted a dereliction of duty which rendered him liable under the terms of the statute quoted.

The judgment is affirmed.