**CHERNOSKY v. ABNEY et al.**

**No. 3511.**

Court of Civil Appeals of Texas. Beaumont.

July 8, 1939.

Rehearing Denied July 12, 1939.

Ned Shands, Jr., of Lufkin, and Hardway & Austin, L. A. Kucera, and L. P. Gwin, all of Houston, for appellant.

Curtis W. Fenley and Tom F. Coleman, Jr., both of Lufkin, for appellees.

O'QUINN, Justice.

On the 27th day of April, 1934, in cause No. 6362, E. E. Chernosky v. James A. Abney, et al., on the docket of the district court of Angelina County, Chernosky recovered judgment against W. A. Herrick and J. A. Abney, jointly and severally, for the sum of $976.07, interest at 6% per annum from date of judgment, with foreclosure of the vendor's lien upon certain property described in the judgment. On the 4th day of September, 1934, on order of sale issued on the 1st day of August, 1934, the sheriff of Angelina County sold the property subject to the vendor's lien, and credited on the judgment the net proceeds of the sale in the sum of $203.65. On the 11th day of March, 1935, an effort was made by the plaintiff in the judgment to have it abstracted in the proper records of Angelina County. On the 2d day of November, 1937, an alias execution was issued on the judgment and placed in the hands of H. C. Billingsley, sheriff of Angelina County, for execution; he made due return on the execution, showing noth-

ing found subject to execution. On the 26th day of March, 1938, Chernosky, hereinafter referred to as appellant, filed this proceeding, in cause No. 6362, in the nature of a statutory motion against Billingsley as sheriff and R. B. Bledsoe, W. D. Newsome and Curtis W. Fenley, as official sureties, hereinafter referred to as appellees, for statutory damages and penalty under the provisions of Art. 3825, R. C.S.1925: "Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties."

Appellant plead facts invoking the provisions of Art. 3825. Appellees answered generally and specially, pleading in defense the fact issues found by the court in his judgment, hereinafter set out. On trial to the court without a jury, judgment was rendered that appellant take nothing. The court supported his judgment by the following fact conclusions taken from his judgment: "The Court finds, that H. C. Billingsley was the duly qualified elected and acting Sheriff of Angelina County, Texas, during all of the period between September 1st, 1937 and February 1st, 1938; and that Arch Caraway was his duly appointed Deputy Sheriff during all of said period of time, and that Dr. R. B. Bledsoe, W. D. Newsome and Curtis W. Fenley were the bondsmen on the bond of H. C. Billingsley as Sheriff, during all of said period of time; and which said bond was filed with the County Clerk of Angelina County, and approved by the County Judge and Commissioners' Court of Angelina County, Texas, as the Official Bond of H. C. Billingsley as Sheriff; that during said period of time said H. C. Billingsley was acting as Sheriff of Angelina County, Texas, under authority of said bond, and that Arch Caraway was acting as Deputy Sheriff, during that period of time, and that an alias execution was placed in the hands of H. C. Billingsley, Sheriff of Angelina County, Texas, commanding him that of the goods and chattels, lands and tenements, subject to execution of the said Jas. A. Abney and W. A. Herrick, make certain monies as provided for in said execution, on or about the 5th day of November, A. D. 1937, and that Sheriff duly and legally returned the said execution within the time and manner as provided by law, and stated thereon that no property of the said Jas. A. Abney and W. A. Herrick could be found subject to execution, and the Court finds that at the time the said Sheriff received the said execution in question, and down to the time that he made his return on same, that the said Jas. A. Abney and W. A. Herrick had not property subject to execution, and that the said Jas. A. Abney and W. A. Herrick were both insolvent from the time the said execution was placed in the hands of the Sheriff down to and including the time that his said returns were made, and the Court finds that the Sheriff made diligent inquiry and diligent search in attempting to locate property belonging to the said Jas. A. Abney and W. A. Herrick, and the Court finds that the said Jas. A. Abney and W. A. Herrick owned no property, nor had any interest, or title in and to any property, at any time, involved in this lawsuit, and that the said property (Plaintiff Chernosky) has not suffered any injury, and the Court finds that the said Jas. A. Abney and W. A. Herrick have not disposed of any property at any time involved in this lawsuit, and that the said Sheriff exercised due diligence in attempting to locate property that the said Jas. A. Abney and W. A. Herrick owned or had an interest or claim in and to, and the Court finds that the said Jas. A. Abney and W. A. Herrick were insolvent at all times since the 9th day of March, 1935, and down to and including the 8th day of January, A. D. 1938, and it is the opinion of the Court that the Plaintiff should take nothing by his said suit, and that judgment be given for the Defendants."

The primary object of the statute, the basis of appellant's motion, is to afford a redress for injuries; a defense under the statute is a plea, supported by proof, that the plaintiff in the execution has suffered no injury. In this case, appellant made out a prima facie case against appellees by pleading facts, and by offering supporting proof, invoking the statute. But appellees answered by pleading in defense all the issues found in their favor by the court, and by introducing ample evidence to support the court's fact conclusions. On this point, we overrule all assignments attacking the court's fact con-

clusions; it would serve no useful purpose to review the evidence. In Smith v. Perry, 18 Tex. 510, 70 Am.Dec. 295, our Supreme Court said: "* * * the officer may avoid such liability by proof showing * * * that the plaintiff has sustained no injury"; such is the uniform holding of our courts. De La Garza v. Booth, 28 Tex. 478, 479, 91 Am.Dec. 328; Underwood v. Russell, 4 Tex. 175; B. F. Goodrich Rubber Co. v. Valley Plumbing & Supply Co., Tex.Civ.App., 267 S.W. 1036; J. M. Radford Grocery Co. v. Owenby, Tex.Civ.App., 34 S.W.2d 385; Blanscet v. Polo Duro Furniture Co., Tex.Civ.App., 68 S.W.2d 527. Clearly, on the court's fact conclusions, appellant has suffered no injury by the acts of the sheriff complained of as the basis of his motion: the defendants in the execution had no property subject to execution; appellant plead that the sheriff refused to levy upon certain specific property pointed out by him; the court found that the defendants in the execution had no interest in this property; the court further found that the defendants in the execution had not disposed of any property involved in this suit; and that the sheriff exercised due diligence in his efforts to locate property belonging to the defendants in the execution.

Under these findings, which as we have said above are supported by the evidence, judgment was properly rendered that appellant take nothing. It follows that the judgment of the lower court should in all things be affirmed, and it is accordingly so ordered.

Affirmed.