# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1859.

---

### GRISWOLD, SHERIFF, AND OTHERS v. F. W. CHANDLER.

A motion against a sheriff and his securities, for failing to return an execution, is properly made in the county where the execution issued.

A motion against a sheriff and his securities, for neglect of the sheriff to return an execution, is not an original action, but a summary statutory remedy, incidental to the original proceeding out of which it grows.

It is not sufficient to exonerate a sheriff from liability upon his bond, on a motion against him and his securities, for failing to return an execution, for him to prove that the defendant in the execution was insolvent; but he must show that the money could not have been collected upon the execution in his hands, by the use of proper official diligence. On a motion against a sheriff, in such case, it is not competent for him to show, in defence, that the service of process against the defendant in the judgment, on which execution issued, was insufficient.

ERROR from De Witt. Tried below before the Hon. Fielding Jones. The facts appear from the opinion of the court.

*H. N.* and *M. M. Potter,* for plaintiffs in error.

*H. Clay Pleasants* and *W. S. Glass,* for defendant in error.

BELL, J. F. W. Chandler, the defendant in error, recovered a judgment in the District Court for De Witt county, against

Joseph Guichard and R. M. Forbes, on the 9th day of November, 1855. Execution was issued on this judgment, and placed in the hands of Griswold, one of the plaintiffs in error, who was the sheriff of Gonzales county. The case now before this court is a motion, made in the District Court for De Witt county, at the Spring Term 1857, against the sheriff, Griswold, and the securities on his official bond, for failing to return the execution issued upon the judgment against Guichard and Forbes, within the time prescribed by law. It appears from the transcript, that one W. A. Malthus was one of the securities on the bond of Griswold, and that Nancy Malthus, the administratrix of W. A. Malthus, was made a party to this motion against the sheriff. She excepted to the motion, on the ground that the demand had never been presented to her as a claim against her intestate's estate. The court sustained her exception, and the proceeding, as against her, was dismissed.

It does not become necessary for us to inquire into the correctness of the ruling of the court upon this exception, inasmuch as the defendant in error appears to be satisfied with the judgment as it was rendered. The other defendants to the motion, pleaded to the jurisdiction of the District Court for De Witt county, alleging that they were all residents of the county of Gonzales, and entitled to be sued in that county. The court overruled the plea to the jurisdiction, a jury was waived, and the parties submitted the matters in controversy upon the motion, to the court. Judgment was rendered against the sheriff and his securities, for the amount of the judgment against Guichard and Forbes. It is relied on as error, that the court overruled the plea to the jurisdiction; and that the judgment of the court is erroneous, because the evidence showed that the defendant in execution, Guichard, upon whose property it was intended that the execution should be levied, was insolvent; and that the plaintiff in the execution had, in fact, suffered no loss from the sheriff's neglect to return the same.

Upon the question of jurisdiction, we are of opinion that the motion was properly made in the District Court for De Witt

county, where the judgment against Guichard and Forbes was rendered. The 10th section of the execution law of 1842 provides, in express terms, that a motion against a sheriff and his securities, for failing or refusing to pay over money collected under an execution, shall be made "before the court from which said execution issued." The 23d section of the same Act provides, "that if any sheriff, or other officer, shall fail to make "return of any execution received by him, on the day, and at "the place, the same shall be made returnable," "he shall be "liable to pay to the plaintiff in execution, the full amount of "the debt, interest and costs, to be recovered against such "sheriff or other officer, and his sureties, by motion, in any "court having jurisdiction thereof, by giving three days' notice "of such motion." It would have been more satisfactory, if this section of the statute had provided expressly, and in positive terms, that the motion for failing to return an execution should be made in the court from which the execution issued. We think, however, that such is clearly the intention of the law, and that the practice of the State has been predicated upon such a construction. In the case of Underwood v. Russell and others, 4 Tex. Rep. 175, the motion against the sheriff of Harris county, for failing to return an execution, was made in the District Court for Brazoria county, where the judgment was rendered upon which the execution issued. No objection was made in that case to the jurisdiction of the court, and none intimated in a somewhat elaborate opinion by this court.

The 3d section of the District Court Act of 1846, provides, that "all civil suits in the District Court, shall be commenced by "petition," &c. If the proceeding against the sheriff, for failing to return an execution, had been regarded as an original suit, it would have been placed upon the same footing with other original suits. But the intention of the law was to furnish a summary remedy against the officer, and it was therefore provided that he might be proceeded against by motion, upon giving three days' notice. In considering questions like the present, it is not to be left out of view, that the sheriff assumes

his office voluntarily, and is presumed to have a knowledge of its duties. So also are his securities presumed to know what his duties are, and what liabilities they assume. It would be extremely inconvenient to oblige one, who has recovered a judgment in Galveston county, to go to a remote part of the State, to move against a sheriff for a plain neglect of his duty; while on the other hand, it is an easy matter for a sheriff anywhere, to do his duty in such manner as to free himself from liability. And it is the policy of the law, to compel all its officers to a strict and prompt performance of their duties. This court has decided, that a proceeding, by scire facias, to revive a judgment, may be instituted in the county where the judgment was rendered, without reference to the residence of the parties. We think the cases analogous in principle. The proceeding by scire facias, and the proceeding by motion against the sheriff, are things incidental to the original proceeding, out of which they grow.

Upon the other point, we are of opinion that the evidence is not sufficient to exonerate the sheriff from liability, on the ground that the plaintiff in the execution suffered no loss. The execution shows, that a levy was made on land; the evidence also shows, that there was a sale. One witness states that, in his opinion, the money could have been collected. Other witnesses state, that the defendant, Guichard, was hopelessly insolvent; but they do not say that the money could not have been made on this execution. A debtor may be hopelessly insolvent, and yet a diligent judgment creditor may make his money upon execution, if officers of the law do their duty. It is not enough to exonerate a sheriff, to show that one against whom he has an execution, is insolvent. He must show that the money could not have been collected upon the execution in his hands, by the use of proper official diligence. This is not satisfactorily shown by the evidence in this case.

The defendants in this motion also attempted to show, that the judgment against Guichard and Forbes was not a valid judgment, because of the insufficiency of the service. It is

scarcely necessary to say that the sufficiency of the service could not be collaterally inquired into, in such a proceeding as the present; and that it was no concern of the sheriff, whether the service, in the original suit against Guichard and Forbes, was regular or not.

The judgment of the court below is affirmed.

Judgment affirmed.