A. VAUGHAN V. J. M. WARNELL ET AL.

A party cannot complain that the court refused to give the same instruction over again. (Paschal's Dig., Art. 1464, Note 562.)

To a motion under the 23d section of the execution law, against a sheriff and his sureties for failing to make return of an execution, the defendants answered, that, on account of the insolvency of the parties against whom the execution issued, the sheriff could not, by proper official diligence, have made the money on the execution at any time while it was in his hands. *Held*, that the court below, having in its first instruction properly informed the jury that the burden of proof on the issue raised by the answer lies on the defendants, it was not error to refuse a second instruction to the same effect asked by the plaintiff. (Paschal's Dig., Art., 3795, Note 844.)

It was error, however, for the court to refuse to instruct that the mere insolvency of the defendants in the execution was not sufficient to exonerate the sheriff and his sureties from liability on account of the failure to return the execution. Such a fact is not equivalent to proper official diligence, and a question of law should not be left to the jury. Id.

It is the duty of the sheriff to return the execution, with his action on it, (Paschal's Dig., Art. 3796, Note 884,) which return is to be entered by the clerk in the execution docket, as a record. (Paschal's Dig., Art. 3773, Note 866.)

The defendants offered in evidence the sheriff's return of "no property found" endorsed upon the execution; to which evidence the plaintiff objected, on the ground that the return was made by the sheriff after the filing of this motion against him and his sureties, and after the first day of the return term had passed. *Held*, that it was competent for the sheriff to make his official return on the execution after the return day had passed, and after a motion against the sheriff; and that such return was *prima facie* evidence in favor of himself and sureties on the trial of the motion.

The fact that the return of a sheriff on an execution was made after the filing of the motion, affected the credibility, not the competency, of the evidence.

It was not competent for the sheriff and his sureties to establish the insolvency of the defendants in the execution by the general reputation with regard thereto in the community where they lived. Such evidence was hearsay of the most objectionable character.

APPEAL from McLennan. The case was tried before Hon. N. W. BATTLE, one of the district judges.

Motion by the appellant against Warnell, as sheriff of McLennan county, and the sureties on his official bond, under the 23d section of the execution law. (Paschal's Dig., Art. 3796, Note 884.) The cause of the motion was

the failure of the sheriff to make return of an execution in favor of the appellant, against Moses Guest and R. T. Frazier. An issue was made up, and verdict and judgment had for defendants. The facts appear substantially in the opinion of the court.

*Nowlin & Herring*, for the appellant, cited 22 Tex., 640, and 5 Humph., 379.

*R. Coke*, for the appellees.

SMITH, J.—This is a motion made by the appellant, Vaughan, against the appellee, J. M. Warnell, sheriff of Hill county, and his sureties, Booth and Jones, for failure to make return, as the law prescribes, of an execution issued April 6, 1858, from the District Court of McLennan county in favor of said Vaughan, and against Moses Guest and R. T. Frazier.

The defendants below answered that Guest and Frazier were hopelessly insolvent, and at no time while Warnell, the sheriff, had the execution, could he, by proper official diligence, have collected the money on the same. A trial was had, and verdict and judgment were rendered in their favor. Vaughan has appealed to this court, and the first error complained of is, that the court refused to give to the jury instructions 2d and 3d, asked by him. The 2d is to the effect, that the burden of proof rested on the defendants below, to show that the money could not have been collected upon the execution by the use of proper official diligence; and if that had not been shown, then the jury should find for the plaintiff.

We are of opinion this instruction is correct, and per- tinent to the evidence in the cause, and might have been given as asked by the plaintiff; but we find the same had been substantially given in the preceding instruction, 1st, asked by him, and we are of opinion the court did not err in refusing to give it the second time.

The 3d instruction was, that proof of the insolvency of the defendants in the execution was not sufficient to exonerate the sheriff and sureties from liability for failing to return the execution. They must further show the jury that the money could not have been made by the use of proper official diligence.

This instruction should have been given to the jury. Instruction 1st, given at the instance of the plaintiff, was that, if they believed the averments of the motion were true, they should find for them; that is, it would present a *prima facie* case against the defendants; but if they were satisfied that the money could not have been collected upon the execution "by the use of proper official diligence" on the part of the sheriff, they should then find for defendants.

It will be seen that the court has referred a question of law, or a mixed question of law and fact, to the jury, uninstructed upon the point, and left them to determine for themselves what might amount in law to "proper official diligence," and, in determining this, they may have come to the conclusion that insolvency alone of the defendants in the execution would release the sheriff from the necessity of using any diligence whatever to collect the money on the execution, and that insolvency of itself would in law be equivalent to "proper legal diligence," and a valid defense for the defendants in this cause. The instruction given the jury was, we think, well calculated to mislead them into this error, which would have been obviated by the 3d instruction asked by the plaintiff and refused by the court. It would have directed the minds of the jury to the important point in the testimony, and informed them that insolvency of the defendants in the execution is not a good defense, and that it is not equivalent to "proper official diligence" on the part of the sheriff. (Smith v. Perry, 17 Tex., 510; Chriswell *et al.* v. Chandler, 22 Tex., 637.)

Vaughan objected to the defendants reading in evidence the return indorsed on the execution in these words, viz: "No property of the defendants, Moses Guest and R. T. Frazier, found: September 20, A. D. 1858. I. M. Warnell, sheriff," &c. The ground of the objection was, that the execution was not returned into court until after this motion was made, and the first day of the return term had passed. It was the duty of the sheriff to return the execution, with his action under it indorsed upon it, (O. & W. Dig., Art. 872,) to be entered by the clerk .of the court in an execution docket kept for the purpose. (Id., Art. 857.) The sheriff may make return after return day, and it would be official. (4 Hill, 72; Spoor v. Holland, 8 Wend., 445; Rucker v. Harrison, Munf. 181; 2 Phil. Ev., note 383; Welch v. Joy, 13 Pick., 480.)

When the sheriff makes an official return, it can be used to that extent in his own behalf. It is the official act, made under oath, and is *prima facie* evidence in his own favor; but the fact that it was made after motion made against him will go to the credibility of the return, and we are of opinion it was properly received in evidence. (Browning v. Henford, 7 Hill, 120; 2 Greenl. Ev., § 585.)

Vaughan objected to the testimony of the witness Guest, that the reputation of the defendants in the execution, in the community where they lived, from the spring of 1858, was that of utter insolvency. This objection should have been sustained, and the testimony excluded from the jury. It is hearsay at the best, and of the most objectionable character.

The judgment below is reversed, and the cause

REMANDED.


[Mr. Justice COKE, having been counsel, did not sit in this case.]