A. J. SMOTHERS v. FIELD, THAYER & CO.

(Case No. 2118)

1. MOTION AGAINST A SHERIFF AND HIS SURETIES—ARTICLE 2326, REVISED STATUTES—
WHAT A PRIMA FACIE CASE—HOW IT MAY BE MADE—HOW IT MAY BE REBUTTED—
In order to sustain a motion against a sheriff and his sureties under article 2326, Revised Statutes, the plaintiff must make out a case showing, *prima facie*, that the defendant in the writ which the sheriff has failed to levy, had property subject to execution.   This *prima facie* case may be made by showing a state of facts which ordinarily and without explanation furnishes satisfactory evidence of title, and does not show that the property is necessarily saved from forced sale, by virtue of the exemption laws ; and when made by the plaintiff, it devolves upon the sheriff, if he would defeat the motion, to disprove this evidence, or to introduce proof showing that the apparent liability of the property to execution is not in accordance with the true state of the case.

2. SAME — PLEADING — PETITION — GENERAL DENIAL — SPECIAL PLEA — In proceeding against a sheriff and his sureties, under art. 2326, Revised Statutes, it is sufficient if the plaintiff sets forth in his petition a state of facts, such as, if established, will shift the burden of proof upon the defendant in the motion ; and the latter must prepare his pleadings to correspond with the character of the proof to be used by him in meeting the *prima facie* case of the plaintiff. If the defendant proposes merely to disprove the facts alleged by the plaintiff, a general denial will serve his purpose; but if those facts are true, and he wishes to explain or avoid them, he must plead, specially, the matters of avoidance or explanation, upon which he relies.

3. EXECUTION—EXISTENCE OF PRIOR LIENS NO EXCUSE FOR FAILURE TO LEVY—EQUITY OF REDEMPTION—The mere fact that there are prior liens upon the property of a defendant in execution is no justification for failure, on the part of the officer, to levy the writ. The defendant's equity of redemption is subject to his debts, and the plaintiff in execution has the right to have that sold for what it will bring, and the proceeds applied to the payment of his judgment.

APPEAL from DeWitt. Tried below before the Hon. H. Clay Pleasants.

December 5, 1884, Field, Thayer & Co. recovered, in the district court of DeWitt county, a judgment against A. W. Evans for $828.17, and costs. Execution was duly issued on this judgment and returned "no property found." On March 22, 1885, an alias execution was issued thereon, directed to the sheriff of Lavaca county, and, by plaintiffs' attorneys, placed in the hands of that officer, A. J. Smothers, with instructions to levy the writ upon a certain tract of land in the latter county, conveyed, October 4, 1884, by C. C. Haynes and wife to F. M. Evans. The officer refused or failed to make the levy; and, on May 16, 1885, Field, Thayer & Co, instituted this proceeding against him and the sureties on his official bond, by written motion, filed in the district court of DeWitt county, for such failure or refusal.

The motion alleged, that the conveyance from Haynes and wife to F. M. Evans was for a valuable consideration, and that F. M. Evans was, at the time of such conveyance, and had been, continuously since then, the wife of A. W. Evans, the defendant in execution; and it prayed for judgment against the officer and his sureties for the amount of their judgment, and interest and costs, etc. The defendants in the motion pleaded, specially : first, that the property upon which the sheriff had been directed to levy, was, at that time, the separate property of F. M. Evans, and that A. W. Evans, the defendant in execution, at no time owned it or any interest therein, or any interest in any other property in Lavaca county; second, that the property was, at the time, mortgaged for greatly more than its value; third, that the plaintiff directed him to levy on land conveyed by C. C. Haynes and wife to A. W. Evans, whereas, the land in question had been conveyed by C. C. Haynes and wife to F. M. Evans.

The plaintiffs filed a general demurrer to these pleas, which was sustained. The cause was then tried by the court without a jury, the trial resulting in a judgment in favor of the plaintiffs for $861.30. The defendants appealed.

*Ellis & Patton*, for appellants, on the action of the court in sustain-

ing plaintiffs' demurrer, in so far as it was directed at their first special plea, cited : R. S., arts. 2288, 2326; Smith v. Perry, 18 Tex. 512; McKamey v. Thorp, 61 Tex. 650, 651; Parker v. Coop, 60 Tex. 116; Freeman on Ex., secs. 108, 254, 272.

On the action of the court in sustaining plaintiffs' demurrer, in so far as it was directed at their second special plea, they cited : Robinson v. Schmidt, 48 Tex. 13; Smith v. Perry, 18 Tex. 512-514; Hamilton v. Ward, 4 Tex. 370; Underwood v. Russell, 4 Tex. 175; Sedg. on Dam., p. 95.

*W. R. Friend*, for appellees, cited: R. S., 2326; Freeman on Ex., secs. 108, 115, 208, 368; Cook v. Bremond, 27 Tex. 457; Kirk v. Nav. Co., 49 Tex. 213; Parker v. Coop, 60 Tex. 116; McKamey v. Thorp, 61 Tex. 650; Wallace v. Campbell, 54 Tex. 190; Duty v. Graham, 12 Tex. 434; Buchanan v. Munroe, 22 Tex. 537; 4 Kent's Comm., p. 160; Walton v. Compton et al., 28 Tex. 573.

Willie, Chief Justice.—In order to sustain a motion against a sheriff and his sureties, under art. 2326, Revised Statutes, the plaintiff must make out a case showing, *prima facie*, that the defendant in the writ, which the sheriff has failed to levy, had property subject to execution.

This *prima facie* case may be made by showing a state of facts which ordinarily, and without explanation, furnish satisfactory evidence of title, and do not show that the property is necessarily saved from forced sale by virtue of the exemption laws. If the plaintiffs make out such a case, it devolves upon the sheriff, if he can defeat the motion, to disprove this evidence, or to introduce proof showing that the apparent liability of the property to execution is not in accordance with the true state of the case. For instance, if the possession of the defendant is relied on by the plaintiff to show title, the sheriff may show, in defense, that it was held in trust for another. So, if the defendant holds under a conveyance to himself, or to his wife for value, the sheriff may show that the conveyance was either in trust for some one else, or that the value paid for the property was the separate estate of the wife. And if the defense is that the property is exempt by law from execution, this fact must be shown by the sheriff, as there is no presumption that the property is thus exempt.

As the plaintiff is not bound to allege any more than he must prove, it is sufficient that he sets forth in his petition a state of facts, such as, if established, will shift the burden of proof upon the defendant in the motion. The defendant must prepare his pleadings to cor-

respond with the character of proof to be used by him, to meet the *prima facie* case of the plaintiff. If he proposes to disprove the facts alleged by the plaintiff, a general denial will serve his purpose. But if the facts alleged are true, and he wishes to explain or avoid them, he must aver, specially, the matters of avoidance or explanation upon which he relies.

These are well settled rules under our system of pleading, applicable to this class of cases as well as as any other. In the present case the plaintiff averred a conveyance for valuable consideration to the wife of Evans, the defendant in execution. This made a *prima facie* case of such ownership in Evans as rendered the property subject to the execution, for the law presumed it to be community property. If the sheriff proposed to show that the lots were not conveyed to Mrs. Evans, or were not conveyed for valuable consideration, in that the grantee was not the wife of Evans, or any other fact alleged as above stated, the only necessary pleading on his part was a general denial; for he would be merely disproving the allegations of the plaintiffs. But, if he proposed to admit these allegations, and avoid them by showing that Mrs. Evans' separate estate paid for the lots, and that they thereby became her separate property, and not liable for her husband's debts, a special plea should have set up these facts. The plaintiffs' case would not be denied, but admitted, and the defendant in the motion would be setting up outside facts to sustain a new issue, upon which the burden of proof rested upon him.

The case is different where the plaintiff merely makes a general averment that the defendant in execution is the owner of the property upon which the sheriff has failed to make a levy. Such an allegation gives the sheriff no notice of the particular facts upon which the plaintiff will rely to prove the ownership, and he cannot be expected to make averments in avoidance of them. If, under such a general allegation, the plaintiff relies on a deed to the wife for valuable consideration, he may rest his case on proving this fact; but the sheriff will sustain his general denial of ownership by showing that, from any cause, the deed did pass the title to the wife, or to some person other than the defendant in execution. In such a state of case, an averment of facts which defeat the title of the defendant in execution is superfluous; and whilst the court might permit it to stand, there would be no error in striking it out on demurrer. But here the allegation was not general as to Evans' ownership, but facts from which the law presumes a community ownership were stated. It was therefore proper for the defendant in the motion to set up the right of the wife in the lots, notwithstanding their apparent commun-

ity character. One of the special pleas stricken out on demurrer alleged this fact, not very particularly, nor perhaps in such manner as would have prevailed on a special demurrer directed to its generality, but as against a general demurrer, we think it was a good and appropriate plea, and the court erred in sustaining a general demurrer to it.

It was no excuse for not levying the writ, that there were prior liens upon the lots. The equity of redemption was still in the defendant in execution, and subject to his debts. The plaintiffs had a right to have this sold for what it would bring and applied to the satisfaction of their judgment. Whether the decreased value of the lots, by reason of these liens, could have been pleaded in mitigation of damages, is a question which does not arise on the plea. It was not set up for the purpose of decreasing the amount of the recovery, but as an excuse for not levying the writ. As a justification for this failure or refusal on the part of the sheriff, it was of no value, and the court rightly sustained a demurrer to it.

The failure of the plaintiff to forward a pluries execution was, of course, no excuse to the sheriff for a failure to levy the alias previously in his hands, and which had been returned "no property found." The defence set up by the other special pleas were either available under the general denial, or were no bar to the plaintiffs' action, and there was no error in striking them out.

But, as there was one special plea good against a general demurrer filed by the appellant, the court erred in sustaining a demurrer to all of them, for which error the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 9, 1886.]