## E. B. HALE ET AL. v. J. H. BICKETT.

Decided January 27, 1904.

**Sheriff—Failure to Return Execution.**

A sheriff who fails to return an execution placed in his hands, is liable, under Revised Statutes, article 2387, for the full amount of the judgment, unless it is made to appear that no injury resulted to the plaintiff; and merely showing that the defendant in execution was insolvent does not absolve the sheriff from liability, especially where there is evidence tending to show that he had property subject to the execution.

Appeal from the County Court of Milam. Tried below before Hon. R. B. Pool.

Hale, the sheriff, and his sureties appeal from a judgment in favor of Bickett.

*Moore & Adams,* for appellant.

*U. S. Hearrell,* for appellee.

KEY, ASSOCIATE JUSTICE.—This case originated in the justice court, but was finally tried in the county court. It is a proceeding instituted under article 2387 of the Revised Statutes, and is a motion against the sheriff for a failure to return executions issued by a justice of the peace upon a judgment in favor of J. H. Bickett and against Will Carson. From a judgment in favor of Bickett, the sheriff and his sureties have appealed.

The trial court found as a fact that an alias execution was issued on the judgment and placed in the hands of Sheriff Hale and never returned by him, and that the testimony failed to show that he could not, by the exercise of proper diligence in executing the writ, have collected the plaintiff's judgment. This finding is assailed, but we think it is supported by testimony. The sheriff having failed to return the execution, he was liable by force of the statute referred to for the full amount of the judgment, unless it was made to appear that no injury had resulted to the plaintiff; and merely showing that the defendant in the judgment was insolvent, was not sufficient to absolve the sheriff from liability, especially as there was other testimony tending to show that Will Carson owned property subject to execution and within the sheriff's jurisdiction. Griswold v. Chandler, 22 Texas, 637.

Much of the testimony bearing on the question of Will Carson's ownership of property was objected to by appellants, but the objections were not followed up by assignments of error, and therefore the ruling of the trial court in that respect can not be revised by this court.

All the points properly presented in appellants' brief have been considered, and our conclusion is that the judgment should be affirmed, and it is so ordered.

*Affirmed.*