**BURKETT et al. v. SIMMONS HARDWARE CO.**

No. 1242.

Court of Civil Appeals of Texas. Waco.

June 9, 1932.

Rehearing Denied Sept. 15, 1932.

Royce A. Oxford, of Plainview, for appellants.

Fred J. Dudley & associates, of Dallas, for appellee.

ALEXANDER, J.

This is a summary proceeding brought in the county court at law of Dallas county by appellee, Simmons Hardware Company, against Nathan B. Burkett as sheriff of Hale county and the National Surety Company as the surety on his official bond, to recover the amount of a certain judgment previously recovered by appellee in said court against W. A. Brown in the sum of $504.29. After appellee recovered said judgment against Brown, it caused an alias execution to issue thereon directed to the sheriff of Hale county and placed the same in the hands of Burkett as such sheriff. On February 26, 1931, Burkett levied the execution on, and took possession of, a stock of merchandise belonging to Brown of the value of $3,500 and advertised same for sale. Thereafter on February 28, 1931, Brown filed a volun-tary petition in bankruptcy and on the same day was adjudged a bankrupt. The trustee in bankruptcy immediately demanded of the sheriff the possession of the merchandise and threatened to file suit for same unless possession thereof was delivered to him. The sheriff, in order to avoid litigation, and believing that it was his duty to do so, delivered the goods to the trustee in bankruptcy, and consequently never made a sale thereof. It does not appear that the referee in bankruptcy entered any order staying the execution, or a sale thereunder or directing the trustee to take the property from the possession of the sheriff or that he ever undertook to adjudicate the right of the trustee to take charge of the property as against the sheriff. The appellee sought to hold the sheriff and his bondsmen liable for the amount of its judgment against Brown under and by virtue of the provisions of Revised Statutes, article 3825. Trial was before the court without a jury and resulted in a judgment for the appellee against the sheriff and his bondsmen and they have appealed.

■ Revised Statutes, article 3825, provides: "Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties."

The primary object of the above statute is to give compensation to the judgment creditor for any injury suffered by him on account of the default of the officer in the performance of his duty. Such default on the part of the officer makes him prima facie liable for the full amount of the judgment, with interest and costs. The officer may avoid liability by showing that he was justified in failing to enforce the execution or that no injury resulted to the judgment creditor by reason of his default, but the burden is on him to show such defense. Smith v. Perry, 18 Tex. 510, 70 Am. Dec. 295; Vaughan v. Warnell, 28 Tex. 119; Griswold v. Chandler, 22 Tex. 637; Ellis v. Blanks (Tex. Civ. App.) 25 S. W. 309; Goodrich Rubber Co. v. Valley Plumbing. & Supply Co. (Tex. Civ. App.) 267 S. W. 1036, par. 1.

■ The appellants' first contention is that the sheriff was justified in surrendering the possession of the property to the trustee in bankruptcy and in failing to make the sale, and in support thereof present the proposition that, upon Brown's adjudication in bank-ruptcy, the lien created by the levy was dis-

charged and the title to all of Brown's assets, including that previously levied upon by the sheriff, automatically passed to the trustee in bankruptcy and the sheriff was bound to surrender the possession of the goods to the trustee. In this we think the appellants are in error. If the lien created by such levy was discharged and the sheriff's right to possession destroyed by the bankruptcy proceedings, it must have been by virtue of 11 USCA § 107 (f), which reads in part as follows: "That all levies * * * or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy * * * or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt. * * *"

It will be noted that, under the provisions of the above statute, it is only when the execution debtor is actually insolvent at the time the levy is made that the lien created thereby is discharged. It was formerly held that, when an execution lien was obtained within four months prior to the filing of a petition in bankruptcy, the lien was nullified by the subsequent adjudication of the execution debtor regardless of whether the debtor was solvent or insolvent at the time the lien was obtained, but since the decision of the Supreme Court in the case of Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770, it is now well settled that the lien is not affected unless the judgment debtor was insolvent at the time the levy was made. String, Inc., v. Birkhahn (C. C. A.) 30 F.(2d) 492; Goodrich Rubber Co. v. Valley Plumbing & Supply Co. (Tex. Civ. App.) 267 S. W. 1036, par. 7.

Whether or not the judgment debtor was solvent or insolvent at the time the levy was made, was a judicial question to be determined by the courts. When the sheriff took possession of the merchandise under the execution issued out of the state court, he held possession for the state court, and that court acquired the prior right or jurisdiction to adjudicate the rights of the parties to the possession of the property and the validity of the lien, and consequently the right to determine whether or not the judgment debtor was solvent or insolvent at the time of the levy. Neither the appellee nor the sheriff could be compelled to litigate such question in a summary proceeding in the bankruptcy court nor by plenary proceedings in the federal court. If the trustee desired to contest the appellee's lien arising by virtue of the levy of the execution or the sheriff's right to the possession of the property under such writ, the duty rested upon him to enter his claim therefor in the state court having possession of the property. Therefore the sheriff was not compelled to deliver possession of the property upon the demand of the trustee in bankruptcy. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770; Priest v. Weaver (C. C. A.) 43 F.(2d) 57; Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897.

The appellants next contend that Brown was actually insolvent at the time the levy was made, and, by reason thereof, the lien arising from the levy of the execution was void, and the trustee could and would have gone into the state court and had same set aside, and, as a consequence, the appellee did not suffer any injury by reason of the failure of the sheriff to retain possession of the property and sell the same under the execution. Whether or not the trustee would have intervened in the state court for the purpose of recovering the possession of the property free of the lien, is, of course, a matter of speculation. Whether or not he could have succeeded in such an undertaking, depends on whether Brown was solvent or insolvent at the time the writ was levied. The appellants sought to show that Brown was insolvent on the date of the levy and for this purpose introduced in evidence the schedules in bankruptcy, filed by Brown two days after the levy, and the order of the court adjudging him a bankrupt. The order of the court adjudging Brown a voluntary bankrupt did not conclusively show that he was insolvent at the date of such adjudication, nor at any time prior thereto, because insolvency was not necessary to such an adjudication. It has been said that such an adjudication does not even tend to show such insolvency. In re Ann Arbor Machine Co. (D. C.) 278 F. 749, par. 3; String, Inc., v. Birkhahn (C. C. A.) 30 F.(2d) 492; Gratiot County State Bank v. Johnson, 249 U. S. 246, 39 S. Ct. 263, 63 L. Ed. 587; Goodrich Rubber Co. v. Valley Plumbing & Supply Co. (Tex. Civ. App.) 267 S. W. 1036, par. 9. The schedules in bankruptcy showed assets $5,883.45 and liabilities $3,926.95. The list of assets included some property that was exempt under the laws of the state of Texas, but in determining whether or not Brown was insolvent under the bankruptcy law, these assets are not to be excluded. 11 USCA § 1, subd. 15; In re Crenshaw (D. C.) 156 F. 638; Clifton Mercantile Co. v. Conway (Tex. Civ. App.) 264 S. W. 192. The schedules therefore showed more assets than liabilities. Brown, who was called by the appellants and who was the only witness to give evidence with reference to his financial condition, testified that the schedules correctly represented his assets and

the value thereof and the amount of his liabilities at the time of the filing thereof. He testified that there had been no substantial change in his financial condition for more than sixty days prior to the filing of the schedules. The evidence, therefore, showed that Brown was not insolvent at the time the writ was levied, or at least was sufficient to support a finding by the court to that effect. There were no findings of fact filed by the trial court, and we must presume that the court found this issue in such manner as to support its judgment. Since the appellants failed to discharge the burden resting upon them to prove that Brown was insolvent on the date the writ was levied, it is apparent that the trustee could not have defeated the lien created by the levy had he endeavored to do so. It is clear, therefore, that the appellee was caused to lose its lien by the failure of the sheriff to sell the property under the execution.

The judgment of the trial court is affirmed.