### HOLTERMAN et al. v. CAFFALL et al.
### No. 9525.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 13, 1935.

J. Marvin Ericson and Sidney P. Chandler, both of Corpus Christi, for appellants.

J. C. Houts, of Sinton, for appellees.

SMITH, Justice.

On November 10, 1933, H. H. Holterman and another recovered judgment in the sum of $467.66 against C. D. Caffall and another, in the county court of San Patricio county, with decree of foreclosure of chattel mortgage lien against certain specific personal property, described in the mortgage and judgment.

In due course, on December 6, 1933, execution and order of sale, returnable in sixty days and describing the specific property to be sold, was issued and placed in the hands of E. W. Wright, constable of precinct No. 5 in said county, for execution.

On February 14, 1934, the judgment creditor filed a motion in the case, alleging that the constable had failed and refused to levy upon or sell the property as provided in said order of sale, and praying for judgment against the officer and sureties upon his official bond, for the amount of the original judgment in the case, with interest and costs, as provided in article 3825, as follows: "Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties."

The constable and his sureties filed their answers, including general demurrer, and special defenses not material on this appeal. The trial judge sustained the general demurrer to said motion for judgment, and the proponent of the motion declined to amend the same, whereupon, without further ado, the court rendered judgment denying any relief to the judgment plaintiff, and discharging the officer and his sureties with their costs. The judgment creditor has appealed from that order, which took the form of a final judgment.

It was alleged in appellants' motion for judgment that the execution and order of sale was regularly issued and placed in the constable's hands for execution; that at that time the defendant in execution "had in his possession property upon which said order of sale and execution could and should have been levied. That said 'constable' failed and refused to levy such order of sale and execution within the time therein required, as was his official duty, thereby breaching his official duty as constable * * * and the condition of his official bond. * * *" Appellants also alleged the giving of notice as provided in the statute, and further alleged that the debt evidenced by the judgment supporting the execution and order of sale "is now and heretofore has been wholly unpaid and unsatisfied."

■ We are of the opinion that the motion for judgment against the constable and the sureties on his bond was good as against the general demurrer, and that the court erred in sustaining that demurrer and rendering judgment in favor of the officer and sureties upon the refusal of appellants to amend. Smith v. Perry, 18 Tex. 510, 70 Am. Dec. 295; Griswold v. Chandler, 22 Tex. 637; Vaughan v. Warnell, 28 Tex. 119; Burkett v. Hdw. Co. (Tex. Civ. App.) 52 S.W.(2d) 675, 676; Carroll, Brough, Robinson & Humphrey v. Webb (Tex. Civ. App.) 4 S.W.(2d) 318; Goodrich Rubber Co. v. Plumbing Co. (Tex. Civ. App.) 267 S. W. 1036; Harston v. Langston (Tex. Civ. App.) 292 S. W. 648.

■ The recognized rule is well stated in Burkett v. Hdw. Co., supra: "The primary object of the above statute is to give compensation to the judgment creditor for any injury suffered by him on account of the default of the officer in the performance of his duty. Such default on the part of the officer makes him prima facie liable for the full amount of the judgment, with interest and costs. The officer may avoid liability by showing that he was justified in failing to enforce the execution or that no injury resulted to the judgment creditor by reason of his default, but the burden is on him to show such defense."

In this case the judgment creditor, in his motion for judgment under the statute, set up the facts of his recovery of judgment; the issuance of execution and order of sale and delivery thereof to the constable for execution; the presence of property upon which the execution "could and should have been levied," and the failure and refusal of the officer to levy thereon as required in the order of sale; and, finally, that the judgment, upon which the execution and order of sale were issued, was still "wholly unpaid and unsatisfied." Under the authorities cited, these allegations made a prima facie case

against the constable and the sureties upon his official bond.

 It is true that the officer and his sureties set up facts in their answer which, if true, would have defeated appellants' recovery, at least in part, if not wholly. But those matters can have no bearing upon the question of the sufficiency of appellants' motion, as against the general demurrer, which is the only question determinable upon this appeal.

The judgment is reversed, and the cause remanded.