### WEBB et al. v. FIRST TEXAS CHEMICAL MFG. CO.
### No. 1495.

Court of Civil Appeals of Texas. Eastland.
Oct. 11, 1935.

Storey, Sanders & Sherrill and W. L. Thornton, all of Dallas, for appellants.

Aldredge, Shults & Madden, of Dallas, for appellee.

LESLIE, Justice.

This is a suit or statutory proceeding by the First Texas Chemical Manufacturing Company against W. R. Webb, constable, and the American Surety Company, surety on his bond, for failure on the part of the constable to levy and return an execution. The defendants answered by general demurrer, general denial, and plea of insolvency of the execution debtor. Trial was had before the court without a jury, and at the conclusion thereof judgment was rendered in favor of the plaintiff. Webb and his surety appeal.

The surety company excepted upon the ground that the constable's bond was payable to the Governor of the State of Texas and his successors, and not to the plaintiff, and that a third person could not maintain suit on the bond. The constable specially pleaded that the execution debtor was insolvent at all times during which he held the execution, etc. Webb's allegations were adopted by the surety company. All the demurrers were overruled by the court. A trial was had on the merits, and judgment was rendered as prayed for in the motion against W. R. Webb and his surety for $279.10, and judgment over in favor of the surety company against Webb for said amount and $25 attorney's fees additional.

By the first and second propositions the appellants make the contention that since the constable's bond was made payable to the Governor and his successor in office, and the statute in force at the time it was executed not providing that third persons could maintain suit thereon, the plaintiff stated no cause of action as against the principal and surety by reason of the failure to levy and return the execution. The contention is predicated upon the change wrought in article 7141, R. S. 1911 (Act of 1846, p. 261), by the codification of 1925, article 6881, R. S. 1925. It will be observed that the provision that the bond be payable to the Governor and his successor in office, and the further provision that the same may be sued upon from time to time in the name of the party injured until the whole amount thereof is recovered, are omitted from said article 6881. The bond in suit was executed while the last-mentioned article was in effect. Hence, the contention that a third party has no right to sue upon such a bond without legislative authorization. In making the above contentions appellants overlooked article 6003, R. S. 1925, which is as follows: "No official bond shall be void upon first recovery but may be sued upon in separate actions until exhausted."

Under the pleadings and the following recent authorities, Rich v. Graybar Electric Co. (Tex. Com. App.) 84 S.W.(2d) 708; Bordelon v. Philbrick (Tex. Com. App.) 84 S.W.(2d) 710; Singer Sewing Machine Co. v. Mendoza (Tex. Civ. App.) 62 S.W.(2d) 656; Mendoza v. Singer Sewing Machine Co. (Tex. Com. App.) 84 S.W.(2d) 715, it is unimportant that the bond was made payable to the Governor instead of the county judge. It was a valid "official bond" within the pur-

view of article 1991, R. S. 1925, and liability is properly asserted under article 3825, which is as follows: "Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties."

The first and second propositions are overruled.

We overrule the appellants' further contentions to the effect that the execution debtor was insolvent while the execution was in the hands of the officer, and that if same had been levied at any time during that period it would have precipitated voluntary bankruptcy proceedings upon the part of the debtor, etc. The appeal is before us with a statement of facts only, and we think the evidence warrants the conclusions entertained by the trial court.

The execution was delivered to the constable June 15, 1932, held, and returned unexecuted September 19, 1932. Defendant in execution filed petition in bankruptcy August 29, 1932. There was evidence pro and con on issues arising. In appraising the officer's excuse or justification for not levying the execution, etc., certain principles and rules of law must be held in mind: First, where bankruptcy proceedings are not involved, the mere showing of the insolvency of the defendant in execution is not sufficient to justify such excuse or default. Vaughan v. Warnell, 28 Tex. 119; Griswold v. Chandler, 22 Tex. 637; Smith v. Tooke, 20 Tex. 750, 751; Roos v. Garner (Tex. Civ. App.) 45 S.W.(2d) 633; Hale v. Lange (Tex. Civ. App.) 8 S.W.(2d) 1046; Hale v. Bickett, 34 Tex. Civ. App. 369, 78 S. W. 531; Goodrich Rubber Co. v. Valley Plumbing & Supply Co. (Tex. Civ. App.) 267 S. W. 1036; Harston v. Langston (Tex. Civ. App.) 292 S. W. 648; Carroll et al. v. Webb (Tex. Civ. App.) 4 S.W.(2d) 318. Second, where a question of bankruptcy is involved, an adjudication in bankruptcy does not establish, in a proceeding like this to which the representative of the bankrupt estate is not a party, the insolvency of the bankrupt at any time prior thereto, and neither does it set aside liens acquired within four months prior thereto without proof of insolvency. Burkett v. Simmons Hardware Co. (Tex. Civ. App.) 52 S.W.(2d) 675; Hale v. Lange, supra; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770; J. S. & J. F. String, Inc., v. Birkhahn (C. C. A.) 30 F.(2d) 492; Goodrich Rubber Co. v. Valley Plumbing & Supply Co. (Tex. Civ. App.) 267 S. W. 1036. Third, if a levy and sale under execution be promptly made, and the proceeds of the sale paid over by the officer to the execution creditor, subsequent bankruptcy proceedings instituted within less than four months after the collection and payment of such proceeds to said creditor would not affect the creditor's rights to retain the same, notwithstanding the fact that the defendant in execution did not at that time own property exempt from execution sufficient to pay all of his debts. Hale v. Lange (Tex. Civ. App.) 8 S.W.(2d) 1046; Roos v. Garner (Tex. Civ. App.) 45 S.W.(2d) 633; Goodrich Rubber Co. v. Valley Plumbing & Supply Co. (Tex. Civ. App.) 267 S. W. 1036. That is, while an execution lien created in four months prior to bankruptcy may be set aside upon a showing that at the time of the levy the judgment debtor was insolvent, nevertheless if the sale is consummated prior to the institution of such bankruptcy proceedings the sale would not be void and the proceeds could not be recovered by the trustee in bankruptcy. Fourth, an adjudication in bankruptcy does not have the effect of setting aside liens created within four months prior thereto, unless the insolvency of the debtor at the time the lien was created is established, and it has long been held that in determining insolvency at the time of the levy exempt property of the judgment debtor cannot be excluded from consideration in determining this question. Clifton Mercantile Co. v. Conway (Tex. Civ. App.) 264 S. W. 192; Goodrich Rubber Co. v. Valley Plumbing & Supply Co., supra; Hale v. Lange, supra; 11 USCA § 1, subd. (15).

Obviously in this character of proceeding it was incumbent upon the appellants to establish the insolvency of the judgment debtor at all times between the 15th day of June, 1932, and the 19th day of September, 1932. And had the execution been levied at a time when the judgment debtor was solvent, the lien thus created would have been valid and could not have been set aside. The execution could

have been levied at any time during this period. In addition to establishing such insolvency, the burden rested upon the appellants to establish that the constable did not have sufficient time prior to the date of bankruptcy, September 19, 1932, within which to levy upon and sell the property, for had the sale been consummated prior to the bankruptcy proceedings, said sale would not have been set aside, regardless of the insolvency of the judgment debtor. An application of the principles and rules above stated to the testimony in this record requires that the judgment of the trial court be sustained.

The judgment is affirmed.