**HACKLER et al. v. H. KOHNSTAMM & CO. OF TEXAS.**

No. 14150.

Court of Civil Appeals of Texas. Dallas.

Jan. 20, 1950.

Rehearing Denied Feb. 17, 1950.

348

Edwin M. Fulton, Gilmer, W. C. Hancock, Pittsburg, Thompson, Knight, Wright, Weisberg & Simmons, and Wm. E. Collins, Dallas, for appellants.

Matthews & Nash, Dallas, for appellee.

YOUNG, Justice.

Appellee's statutory action was against the Sheriff of Camp County and surety on his official bond in form of motion under Arts. 3825 and 3826, Vernon's Ann.Civ.St., viz. 1: (3825) "Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties." (3826) "Should an officer neglect or refuse to return any execution as required by law, or should he make a false return thereon, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs to be recovered as provided in the preceding article."

H. Kohnstamm & Company of Texas (a corporation) was the creditor whose judgment against George Collins had been duly rendered in Dallas County Court at Law No. 1; a thirty-day execution issuing thereunder on June 15, 1948 and sent by plaintiff's counsel to Sheriff Hackler of Pittsburg, Camp County, for levy on any assets of debtor Collins subject to execution, the latter doing business as Pittsburg Laundry at the time. Several letters were written to the sheriff by counsel insisting on prompt levy during July and August, with no response, the process being returned about September 10 with notation: "This execution came to hand 5-21-11 A. M. I investi-

gated Geo. Collins place several times and I found at no time any thing to leavy on About $10.00 or $12.00 worth of paper and washing powder. He has sold out and moved from here. H. F. Hackler Sheriff Camp Co." No indemnity bond was ever requested or furnished.

Appellee in its motion alleged the ownership by judgment debtor of property subject to execution on which the sheriff had failed and refused to levy, also that above return was false; and, further, "that while said execution was in the hands of said Sheriff, George Collins, judgment debtor herein, sold the business known as Pittsburg Laundry for a valuable consideration, and for a sum considerably in excess of the amount of this judgment herein against said Collins." Appellant specifically denied making a false return, alleging due diligence in handling of process and that appellee had suffered no injury. His testimony in substance was that he had repeatedly requested Collins to pay the judgment, Collins promising from time to time to have the money; judgment debtor telling him that all laundry equipment was mortgaged; that he was a married man with wife working in the business; and that on consultation with the County Attorney, whose advice was requested, he (the sheriff) had concluded that all laundry machinery and equipment constituted exempt property and not subject to execution. The property in question (sold during the interval to an outside party for $3,000 cash and assumption of $8,000 mortgage) consisted generally of the following items: a twenty-five horse power boiler, two Zephyr washers, one Billingsley extractor, one Perry tumbler, Watkins flat-iron worker, six Pantex presses, cash register, scales, three horse power Ingersol Rand air compressor, homemade 36″ four-blade one-half horse power motor fan, five tables, bins, a counter, three canvas laundry baskets with wheels, canvas hampers without casters, a Pantex double sleever, and irons.

■ Art. 3832, subd. 5, Vernon's Ann. St., exempts from execution "All tools, apparatus and books belonging to any trade or profession", which of course would include the business of a laundry. Huebsch Mfg. Co. v. Coleman, Tex.Civ.App., 113 S.W.2d 639, 642. The cited case quotes with approval the following statement from Smith v. Horton, 19 Tex.Civ.App. 28, 46 S.W. 401, that "While the statute does not enumerate what belongs to any particular trade or profession, but leaves it for judicial determination, still it is definite enough to include only such tools and apparatus as properly belong thereto, and are essential to the conducting of the business. For instance, the printing press, type, cases, etc., are tools belonging to, and are exempt, to, the printer; the awl, last, etc., to the shoemaker; the forge, anvil, * * * hammers, etc., to the blacksmith; the saw, hammer, plane, chisel, etc., to the carpenter; and so on." In McMillan v. Dean, Tex.Civ. App., 174 S.W.2d 737, 739, the Austin Court, after a review of earlier decisions, Supreme Court and otherwise, then observed that the statutory terms of "tools and apparatus," though to be liberally construed, would embrace only such tools and apparatus as *belong* to a trade or profession, not being inclusive of things that might be merely useful or beneficial to the carrying on of the particular business. The test just stated is well in accord with the holding of our Supreme Court in Simmang v. Pennsylvania Fire Ins. Co., 102 Tex. 39, 112 S.W. 1044, 132 Am.St.Rep. 846, that fans, ice boxes and cash register, among other equipment, cannot be claimed as exempt to a restaurant keeper; likewise in Hammond v. McFarland, Tex.Civ.App., 161 S.W. 47, it was held that a cash register and refrigerator were not tools or apparatus belonging to the trade of a butcher.

Under above decisions some of the enumerated assets were undoubtedly not exempt, —for example, the cash register, motor fan and scales. The value of these named articles was not developed at the trial, appellee's proffered testimony along such line having been withdrawn by counsel on objection of defendant. It may be inferred, however, that the items were of some substantial worth.

■ Articles 3825 and 3826 are somewhat penal in nature and are to be strictly followed in order to sustain a judgment. J. M. Radford Grocery Co. v. Owenby, Tex.

Civ.App., 34 S.W.2d 385; Ellis v. Blanks, Tex.Civ.App., 25 S.W. 309; a complete defense to the action consisting of proof that no money could have been collected by the sheriff on execution and levy by use of proper official diligence. If, on the other hand, it is developed by the testimony that money could have been realized by a prompt and diligent handling of the process by the official, a statutory liability would follow in full amount of the judgment debt, interest, and costs; and the articles in question (3825, 3826) are to such extent punitive.

▮ It is our conclusion that this is the rationale of decision in the great majority of cases wherein these statutes have been discussed. "Our Supreme Court has declared that the primary object of this statute is to give compensation to the plaintiff in execution for any injury suffered by him on account of the default of the officer, and that, when *no such injury* has been sustained, no right to recover exists. The failure of the officer to discharge his duty in the premises renders him and his sureties prima facie liable to the plaintiff in execution for the full amount of his debt, interest, and costs, and the burden is on the officer to overcome such prima facie case by showing that *nothing could have been collected* on such execution by proper official diligence. Smith v. Perry, 18 Tex. 510, 511, 70 Am.Dec. 295; Vaughan v. Warnell, 28 Tex. 119; Griswold v. Chandler, 22 Tex. 637, 640; Ellis v. Blanks, Tex.Civ. App., 25 S.W. 309, 310. Mere insolvency of the defendant in execution, within the ordinary meaning of that term, is not sufficient to absolve the officer. He should show that there was no property belonging to the defendant subject to execution within his official jurisdiction out of which plaintiff's judgment, *or any part thereof,* could have been made. Griswold v. Chandler, supra; Ellis v. Blanks, supra; Hale v. Bickett, 34 Tex.Civ.App. 369, 78 S.W. 531. That the Valley Plumbing & Supply Company, defendant in execution in this case, had properly subject to execution in Cameron county is not denied. So the defense

relied upon must be sustained, if sustained, at all, by the sufficiency of the attempted showing that *no part of plaintiff's judgment could have been made out of such property by a prompt levy upon the same and a prompt sale thereof.*" B. F. Goodrich Rubber Co. v. Valley Plumbing & Supply Co., Tex.Civ.App., 267 S.W. 1036, 1038. "This statute is very sweeping in its terms and makes the officer and his deputies liable to the party entitled to receive the money collected on the execution for the full amount of the debt on the officer's failure to return the execution. Its terms show that it is predicated on the proposition that the officer is made liable in the summary manner prescribed by the statute on his ability to have *realized money* on the execution had he been prompt in the performance of his duty when the execution was placed in his possession. If *no money could possibly have been realized* on the execution, it necessarily follows that no liability would attach to the sheriff and his bondsmen for the failure to make the return. This doctrine is announced in the case of Hale et al. v. Bickett, 34 Tex.Civ.App. 369, 78 S.W. 531. * *" Richardson v. Johnson-Layne Coffee Co., Tex.Civ.App., 252 S.W. 253, 255. (All italics ours.)

▮ As an extenuating circumstance appellant points to the fact that the property was heavily mortgaged. "The mere fact that there are prior liens upon the property of a defendant in execution is no justification for failure, on the part of the officer, to *levy the writ.* The defendant's equity of redemption is subject to his debts, and the plaintiff in execution has the right to have that sold for what it will bring, and the proceeds applied to the payment of his judgment." Smothers v. Field, Thayer & Co., 65 Tex. 435 (Syl. 3).

▮ The implied findings of the trial court that these laundry assets of debtor Collins were not wholly exempt and that appellant failed to exercise due diligence relative to execution of the process in his hands, have support in the record, with result that the judgment under review must be in all respects affirmed.