**U. M. & M. CREDIT CORPORATION,**
Appellant,

v.

Jimmy DOSS et al., Appellees.

No. 17376.

Court of Civil Appeals of Texas,
Dallas.

Jan. 9, 1970.

Rehearing Denied March 20, 1970.

**46**

---

Wm. Madden Hill, Ungerman, Hill, Ungerman & Angrist, Dallas, for appellant.

Guy Jones, Lynn Cooksey, Texarkana, for appellees.

BATEMAN, Justice.

Pursuant to Vernon's Ann.Civ.St., Art. 3825, the appellant sought by motion to recover from Clifton Clyde Rachel, Sheriff of Bowie County, Texas, and the surety on his official bond, the full amount of its judgment against Jimmy Doss, alleging failure and refusal by the sheriff to levy an execution. Art. 3825 is as follows:

"Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties."

Appellant had recovered a judgment for $3,206.24, with interest and costs, against Jimmy Doss "individually and d/b/a Jimmy Doss Service Center and d/b/a Doss Equipment Company." Sheriff Rachel returned the first execution with the notation "All property belonging to this subject is already mortgaged, so there is nothing subject to execution." Another execution was issued and sent to the sheriff with an indemnity bond for $6,500 and a letter from appellant's attorneys stating that they knew that Doss could pay the judgment and requesting that if he did not do so a levy be made and a sale set. This execution and bond were likewise returned by the sheriff with a notation that Doss "does not have any property that is not mortgaged." Sheriff Rachel, through office personnel, asked appellant's attorney to send someone to Texarkana to point out property on which a levy was desired and promised to handle the execution properly and to the attorney's satisfaction. This suggestion was not followed, and appellant's attorney testified that he did not know of his own knowledge that Doss had any property and had no proof that his client would have gotten "a dime" had a levy been made.

Deputy Sheriff H. H. Boyer testified that Doss had in his possession a J. I. Case tractor and backhoe digger, a workshop, and some trucks and a pick-up; that there were some trailer houses on the same property occupied by Doss; that the property he saw was so heavily mortgaged that he "was afraid to fool with it," that he did not look into the records to verify what Doss had told him about the property being mortgaged because he "didn't have time."

It then appeared from evidence introduced by the respondents that the only property owned by Doss at the time was his home, the garage and five old trucks; that the J. I. Case machinery and equipment had been left with him on consignment, and that the mobile trailer homes on his premises were owned by others to whom he rented space; that four of the trucks had a total value of about $3,000 but were mortgaged for $3,500 each; and that the fifth truck was "junk" worth perhaps $100.

■ Urging a literal interpretation of Art. 3825, V.A.C.S., appellant insists that, since it was shown without dispute that Doss had certain property in his possession, the sheriff's failure and refusal to

levy the execution thereon automatically renders him and his surety liable for the full amount of the judgment, even though it be shown that had the execution been levied and the property sold the plaintiff would have realized substantially less than the amount of its judgment.

Appellant cites in support of its contention in this respect our opinion in Hackler v. H. Kohnstamm & Co. of Texas, 227 S. W.2d 347 (Tex.Civ.App., Dallas 1950, no writ). We have carefully re-examined that case and the authorities cited in the opinion and are unwilling to follow it as announcing the correct rule as to the measure of damages in a case like this.

We do not find *Hackler* cited as an authority on this point by any other court except in the dissenting opinion in Fant Milling Co. v. May, 240 S.W.2d 445, 450 (Tex.Civ.App., Dallas 1951, writ ref'd n.r. e.). That case involved only the question of whether the officer, in whose hands an execution had been placed, was within his rights in demanding an indemnity bond, and after answering that question in the affirmative the majority opinion said that if we were mistaken in such holding, the liability of the sheriff "would not extend to full amount of appellant's judgment, interest and costs (as is contended), but would be limited rather to a maximum sum of $360," which the evidence showed was the maximum value of the property in possession of the judgment debtor.* The majority opinion quoted the following from 38 Tex.Jur., Sheriffs, Constables, Etc., § 36, p. 472:

"According to a literal reading of the statutes, for failure to levy or sell, or for failure to return an execution, the officer and his sureties are liable for 'the full amount of the debt, interest and costs.' However such an interpretation has been rejected in favor of construing the statutes, according to the probable intent of the Legislature, by allowing a

recovery of the actual loss accruing from the officer's breach of duty; that is to say, if the value of the property that might have been levied on is less than the debt, interest and costs, then such value is the amount for which the plaintiff in the writ is entitled to judgment on the motion. However, the burden of pleading and proving that less than the full amount of the debt, interest and costs could have been recovered by diligence in executing the writ is upon the officer. * * *."

The substance of that text is brought forward in 52 Tex.Jur.2d, Sheriffs, Constables, Etc., § 90, p. 369, and we think states the correct rule. We do not think the Legislature intended for Article 3825 to have the punitive nature or effect which appellant would ascribe to it. See Smith v. Perry, 18 Tex. 510 (1857) and Cobbs v. Coleman, 14 Tex. 594 (1855).

Appellant's first and fifth points of error on appeal, under which it is contended that, since appellant was entitled to a judgment against the sheriff and his surety for the full amount of plaintiff's judgment against Doss, we should reverse and render, are overruled.

 The plaintiff having shown prima facie, by pleading and proof, that there was property of some substantial value in the possession of the defendant subject to execution, the burden was then upon the officer either to disprove the facts shown by plaintiff (which he may do under a general denial) or, "if the facts alleged are true, and he wishes to explain or avoid them, he must aver, specially, the matters of avoidance or explanation upon which he relies." Smothers v. Field, Thayer & Co., 65 Tex. 435, 438 (1886); Roos v. Garner, 45 S.W.2d 633 (Tex.Civ.App., Dallas 1931, writ dism'd). By the same token, in our opinion, he would also be under the burden of both pleading and proving, if he can, in mitigation of plaintiff's damages that a

---

* It is interesting to note that the same justice who wrote the opinion in *Hackler* also wrote the majority opinion in *Fant* the next year.

levy and sale thereunder would have produced less than the amount of the judgment. These were affirmative defenses which it was necessary for him to plead specially. Rule 94, Vernon's Texas Rules of Civil Procedure; Smothers v. Field, Thayer & Co., supra.

█ The mere fact that the property was mortgaged, if it was, did not justify the sheriff's failure to levy the writ. Doss may have had an equity in the property which would have been subject to execution. Smothers v. Field, Thayer & Co., supra. The officer was unauthorized to determine in advance whether the property would at public auction bring more or less than the amount of the prior liens. Burkett v. Simmons Hardware Co., 52 S.W.2d 675 (Tex.Civ.App., Waco 1932, no writ). His only duty was to levy the execution on the property, advertise it for sale and hold the sale in accordance with the law.

█ In its second and third points of error appellant complains of the error of the trial court in holding that appellant did not present proof that Doss had property subject to execution upon which the levy should have been made. These points are sustained for in our view the appellant's evidence was sufficient to make a prima facie case and cast the burden of pleading and proving his defense upon the sheriff and his surety.

Appellant's fourth point of error consists of five criticisms of the conclusions of law filed by the trial court. The several legal questions involved therein are covered in various portions of this opinion, making it unnecessary for us to pass upon the fourth point as presented.

█ Under its sixth point of error appellant complains of error of the trial court in admitting oral testimony pertaining to the mortgages on the trucks and that Doss had no title to certain other property but held it on consignment from J. I. Case Company, over the objections of appellant that there were no pleadings to

support such evidence, that it consisted of legal conclusions and that the best evidence relating to the mortgages and asserted consignments were the documents themselves, no valid reason for their nonproduction having been shown. As stated above, the sheriff's position in this respect was an affirmative defense which he was required to plead specially. We also hold that the mortgages and consignment agreements were the best evidence of their contents. The sixth point of error is sustained.

.The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

## ON MOTION FOR REHEARING

At appellant's request we correct our statement of the testimony of the witness H. H. Boyer. What he said, when asked what Doss' place of business consisted of, was, "Well, it is machinery, Case machinery, such as tractors and backhoe diggers or whatever they call them, and he had a shop there that he works on them, I guess. That is where he works on them. He has some trucks and pick-ups—a pick-up."

Appellant also complains that we misstated its position when we wrote that it insisted "that, since it was shown without dispute that Doss had certain property in his possession, the sheriff's failure and refusal to levy the execution thereon automatically renders him and his surety liable for the full amount of judgment, etc." Appellant urges that its contention is, not that the sheriff would be absolutely liable regardless of any defense' asserted by him, but that the trial court erred in finding that there was "no evidence" of any property upon which the execution could have been levied and in admitting testimony relating to the claimed mortgages on the property in the face of appellant's objection that this evidence was not admissible under a general denial. Appellant says it made its prima facie showing of property

of substantial value in the possession of Doss and that since there was no pleading of an affirmative defense by the sheriff, the court should not have admitted the testimony proffered by the sheriff as to the existence of the mortgages on property owned by Doss and his non-ownership of other property and that we should now render the judgment the trial court should have rendered (Rule 434, T.R.C.P); i.e., in appellant's favor for the full amount of its judgment against Doss.

We sustained appellant's sixth point of error complaining of the action of the court in admitting the said testimony. This necessitates reversal but does not require us to render the judgment.

Being of the opinion that the case was tried on the wrong theory, or under an erroneous understanding of the applicable legal principles, we reversed and remanded. We are not persuaded that we could properly have done otherwise. We do not feel that the case has been fully developed, and believe that the ends of justice would be better subserved by remanding than by rendering. We feel that our decision in this respect is fully supported by the authorities, such as Hicks v. Matthews, 153 Tex. 177, 266 S.W.2d 846 (1954), wherein it was said by the Supreme Court, speaking through Chief Justice Hickman: "The fact that a peremptory instruction would have been justified does not necessarily mean that the cause should not be remanded to the trial court," and wherein the following language was quoted from Associated Oil Co. v. Hart, 277 S.W. 1043, 1045 (Tex. Comm'n App.1925, holding approved): "It is the rule, where a judgment has been reversed, to remand to the trial court rather than to render, where the ends of justice will be better subserved thereby. Such remanding has often been ordered to supply additional testimony, *to amend the pleadings*, and even to show jurisdiction." (Italics ours.) See also Aetna Ins. Co. v. Klein, 160 Tex. 61, 325 S.W.2d 376, 379 (1959); London Terrace v. McAlister, 142 Tex. 608, 180 S.W.2d 619 (1944); Dahl-

berg v. Holden, 150 Tex. 179, 238 S.W.2d 699, 704 (1951); Southampton Civic Club v. Couch, 159 Tex. 464, 322 S.W.2d 516, 520 (1959); Pelham Manufacturing Co. v. Ridlehuber, 356 S.W.2d 502, 504 (Tex.Civ. App., Waco 1962, writ ref'd n.r.e.); Hoggett v. Wright, 374 S.W.2d 690, 694 (Tex. Civ.App., San Antonio 1964, writ ref'd n. r.e.); and Atchison, Topeka & Santa Fe Ry. Co. v. Porter, 411 S.W.2d 615, 620 (Tex.Civ.App., Amarillo 1967, writ ref'd n.r.e.).

Appellant's motion for rehearing is overruled.