**CARROLL, BROUGH, ROBINSON & HUM-
PHREY v. WEBB, Sheriff et al.
(No. 2959.)**

Court of Civil Appeals of Texas.   Amarillo.
Feb. 1, 1928.

Rehearing Denied March 7, 1928.

1. **Sheriffs and constables** ⟨⚮⟩138(1)—Proof of
judgment, issuance, and delivery of execution
and failure to make timely return makes pri-
ma facie case, for recovery of debt, which
sheriff must overcome by proof that nothing
could have been collected (Rev. St. 1925, art.
3826).

Proof of valid judgment, issuance of execu-
tion thereon, its delivery to sheriff, and his fail-
ure to make return within time prescribed by
law, makes a prima facie case for recovery of
full amount of debt, interest, and costs, under
Rev. St. 1925, art. 3826, by execution plaintiff,
from sheriff and his surety, and burden is on
sheriff to overcome such case by proof that
nothing could have been collected on execution
by proper official diligence.

2. **Sheriffs and constables** ⟨⚮⟩138(2)—Sheriff's
return on execution is admissible in defense
on motion for judgment for failure to make
timely return, though made after return day
(Rev. St. 1925, arts. 3825, 3826).

Sheriff's return on execution is admissible
in his defense on motion for judgment against
him and his surety, under Rev. St. 1925, arts.
3825, 3826, for failure to make return within
time prescribed, though made after return day
and citation to answer motion; latter fact go-
ing to credibility of return.

3. **Sheriffs and constables** ⟨⚮⟩138(3)—Sheriff's
return on execution held insufficient to over-
come prima facie case on motion for judg-
ment for failure to make timely return (Rev.
St. 1925, arts. 3825, 3826).

Sheriff's return, showing receipt of execu-
tion nearly two months before signing return,
which stated that he found no property subject
to execution and traveled no miles in serving
writ, *held* insufficient to overcome prima facie
case, established on motion for judgment against
him and his surety, under Rev. St. 1925, arts.
3825, 3826, for failure to make timely return;
being incomplete and irregular and failing to
support allegation of diligent search in answer.

4. **Sheriffs and constables** ⟨⚮⟩139(2)—Execu-
tion plaintiff may recover at least nominal
damages and costs for sheriff's unexcused fail-
ure to make timely return (Rev. St. 1925, art.
3826).

Execution plaintiff is entitled to recover
at least nominal damages and costs from sher-
iff and his surety, under Rev. St. 1925, art. 3826,
for his failure to make return within time pre-
scribed by law, where he does not show valid ex-
cuse, though his misconduct caused plaintiff no
injury.

Appeal from Potter County Court;   Sam B.
Motlow, Judge.

Action by Carroll, Brough, Robinson &
Humphrey, a corporation, against the Red

Front Store, a corporation, in which an at-
tachment was issued and levied by Reeder
Webb, Sheriff of Ector County. Judgment
against defendant, and the sureties on its re-
plevy bond, and, from a judgment against the
sheriff and his surety, on plaintiff's motion
for judgment against them because of the
Sheriff's refusal to levy, and make return on,
execution against the sureties on the replevy
bond, plaintiff appeals.   Reversed and re-
manded.

W. A. Palmer, of Amarillo, for appellant.
Gossett & Collard, of Odessa, and Turner,
Culton & Gibson, of Amarillo, for appellees.

JACKSON, J.   On April 15, 1927, Carroll,
Brough, Robinson & Humphrey, a corpora-
tion, hereinafter called appellant, filed suit in
the county court of Potter county, Tex.,
against the Red Front Store, a corporation,
and secured the issuance of a writ of attach-
ment by the clerk of said court, which was
levied upon the goods of the Red Front Store
by Reeder Webb, the sheriff of Ector county
Tex., to which Crane county, Tex., is attached
for judicial purposes.   After the levy of the
writ of attachment, the Red Front Store filed
with said sheriff its replevy bond, upon which
J. Rosner, M. Konez, and Joe Spegle are sure-
ties, and the stock of goods levied upon was
delivered by said sheriff to the Red Front
Store.

On June 18, 1927, the county court of Potter
county, Tex., rendered judgment by default
against the Red Front Store and its sureties
on the replevy bond for the sum of $513.50,
costs, etc.

On July 9, 1927, the appellant obtained the
issuance of an execution out of the county
court of Potter county, Tex., to be levied upon
the goods, lands, and chattels of the Red
Front Store, and its sureties on the replevy
bond, J. Rosner, Joe Spegle, and M. Konez.

On August 24, 1927, the appellant filed its
motion in the county court of Potter county,
Tex., alleging that the execution issued in
said court on July 9, 1927, was forwarded to
and received by Reeder Webb, the sheriff of
Ector county, and also of Crane county, by
reason of its attachment to Ector county for
judicial purposes; that the Red Front Store
and its sureties on its replevy bond resided
in Crane county, Tex.; that Reeder Webb,
the sheriff, failed and refused to levy said
execution against the sureties on the replevy
bond and refused to make any return on said
execution; and that he, as principal, and the
United States Fidelity & Guaranty Company,
as his surety, by reason thereof, were liable
and indebted to appellant for the amount of
said judgment and costs; and sought judg-
ment against the sheriff and his surety for
said amount.

This motion was answered by general de-
murrer, general denial, and an admission by

the sheriff of the receipt of the execution. He also pleaded that he made diligent search for property belonging to the Red Front Store and its sureties, but was unable to locate any property belonging to them or either of them, subject to execution, and that neither of said defendants, at the time the execution came into his hands, or thereafter before his return of the execution, had property within Ector or Crane counties subject to execution; that he returned said execution to Potter county, showing in his return thereon, which he made a part of his answer, that no property could be found, for which reason the appellant had, in no way, been injured. He also attacked the validity of the judgment upon which the execution was rendered.

The appellant, in reply to this answer, filed a supplemental petition, but we deem it unnecessary to give further details of the pleadings.

On a hearing before the court, judgment was rendered against the appellant and in favor of the sheriff and his surety, from which judgment this appeal is prosecuted.

The appellant introduced in evidence the execution, which discloses that on June 18, 1927, it recovered a judgment against the Red Front Store and its sureties on the replevy bond for the amount sued for, and the return on said execution, which reads as follows:

"Came to hand the 11th day of July, 1927, at ——— o'clock, and executed by levying on the following described property, as property of the defendant, to wit:

"And I found no property subject to execution. J. Rosner has moved out of the county. I think to El Paso. M. Konez has gone and taken all his belongings. Joe Spegle don't have anything in his name.

"I actually and necessarily traveled ——— miles in the service of this writ.

    "Reeder Webb,
        "Sheriff Ector County, Texas."

This execution and return was filed in the county court of Potter county, Tex., by the clerk thereof September 3, 1927.

The appellant presents as error the action of the trial court in rendering judgment against it and in favor of the sheriff and his surety, under the facts and circumstances revealed by the record.

The court filed findings of fact to the effect that the original judgment entered against the Red Front Store and its sureties for the sum of $513.50 was a valid judgment; that the execution was issued on July 9, 1927, on said judgment; that on September 3, 1927, the sheriff returned the execution into the county court of Potter county, Tex., with his return thereon as hereinbefore set out; that the officer failed to discharge his duty and return the writ to the court issuing the same within the time therein required, but that the prima facie case thereby made against the sheriff and his surety was overcome by

the sheriff's return showing that no property was found subject to execution; and that the return on the execution was signed after return day and after the sheriff had been cited to answer appellant's motion for judgment against him and his surety.

Article 3826, R. C. S. 1925, provides:

"Should an officer neglect or refuse to return any execution as required by law, or should he make a false return thereon, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs to be recovered as provided in the preceding article."

The preceding article (article 3825) provides that this amount is "to be recovered on motion before the court," etc.

[1] These are the articles under which the appellant proceeded in its motion to recover against the sheriff and his surety. "The failure of the officer to discharge his duty in the premises renders him and his sureties prima facie liable to the plaintiff in execution for the full amount of his debt, interest, and costs, and the burden is on the officer to overcome such prima facie case by showing that nothing could have been collected on such execution by proper official diligence." B. F. Goodrich Rubber Co. v. Valley Plumbing & Supply Co. et al. (Tex. Civ. App.) 267 S. W. 1036, and authorities cited. To the same effect is Harston et al. v. Langston et al. (Tex. Civ. App.) 292 S. W. 648.

The appellant having shown a valid judgment, the issuance of the execution thereon, its delivery to the sheriff, and his failure to make a return within the time prescribed by law, made a prima facie case for a recovery, which the officer was required to overcome by proof.

[2, 3] The sheriff's return, though made after return day, was admissible in his defense, but was not sufficient, in our opinion, to overcome the prima facie case established by appellant. It is uncontroverted that Reeder Webb was sheriff of Crane county by virtue of its attachment to Ector county, of which he was sheriff. In his answer, he pleads that he made diligent search in both Ector and Crane counties in an effort to find some property belonging to the parties against whom execution was directed, and he states in his return that he found no such property. He shows that he received the execution on the 11th day of July, and the court finds that he signed the return after return day, and after he had been cited to answer the motion. His return also shows that he traveled no miles in serving the writ. There was ample time from the date of his receipt of the execution to his signing the return for the defendants to have left the county, taken their belongings or hidden out their property.

"When the sheriff makes an official return, it can be used to that extent in his own behalf. It is the official act, made under oath,

and is prima facie evidence in his own favor; but the fact that it was made after motion made against him will go to the credibility of the return, and we are of opinion it was properly received in evidence." Vaughan v. Warnell, 28 Tex. 119.

In this opinion, the court was obviously passing upon the admissibility of the testimony and not the weight to be given to it.

The return of the sheriff in the case at bar is incomplete, irregular, and fails to support his allegation that he made diligent search for property in Ector and Crane counties belonging to the parties against whom the execution was directed, and, to our minds, seriously affects "the credibility of the return."

[4] "The misconduct of the officer may have in fact occasioned no injury to the plaintiff; but the latter is nevertheless entitled to recover at least nominal damages in all cases where the officer does not show a valid excuse for not making his return." Freeman on Executions, 3d Edition, Vol. 3, par. 368.

"The burden of proof is upon the officer; and, in a case like the present, he may be held liable, at all events, for nominal damages and costs, as in a case of an ordinary action against him." Smith v. Perry, 18 Tex. 510, 70 Am. Dec. 295.

The judgment is reversed, and the cause remanded.