# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00694-CR

**Tony Cervantes, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NO. CR20,901, HONORABLE EDWARD P. MAGRE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Tony Cervantes was indicted for aggravated sexual assault of a child and indecency with a child. *See* Tex. Pen. Code Ann. § 22.021(a)(1) (West Supp. 2005) (aggravated sexual assault of a child); Tex. Pen. Code Ann. § 21.11(a) (West 2003) (indecency with a child). At trial, the jury found Cervantes guilty of indecency with a child, but acquitted him of aggravated sexual assault. Cervantes asserts that the evidence is legally and factually insufficient to support his conviction. We will affirm the judgment of the district court.

## BACKGROUND

The jury heard the following evidence. C.I., the complainant, was eleven years old at the time of trial. She was ten on November 8, 2003, when she visited the home of Cervantes's sister, Joann Cervantes, in Thorndale. Cervantes and Joann are related to C.I.'s father, who died

when C.I. was an infant. C.I.'s visit occurred because her mother, Ms. Inocencio, wanted C.I. to get to know her father's side of the family. Ms. Inocencio and C.I. spent part of the afternoon at Joann's home and had dinner there. Ms. Inocencio agreed to allow C.I. to spend the night alone at Joann's home. Ms. Inocencio testified that Joann requested the sleep-over, but Joann testified that C.I. asked to sleep over. Joann and Ms. Inocencio agreed to meet the next day at a store in Round Rock. Ms. Inocencio left Joann's home shortly after dinner. Cervantes, who had been drinking, came to Joann's home around dusk. C.I., who had been playing outside, greeted Cervantes with a hug. C.I. later hugged Cervantes from behind as he was sitting at a table and drinking beer.

C.I. testified that the incident of which she complains occurred while she and Cervantes were sitting together on the living room couch. The only other adult in the living room was Joann, who was seated nearby. Over the course of the evening, several other adults had arrived at Joann's home, but by the time of the incident all of them had either departed or moved to parts of the house separated by closed doors from the living room. C.I. testified that the incident began when Cervantes asked her for a hug. C.I. said that she got up from the couch and gave him a hug, but that he did not let go immediately, instead rubbing her chest through her clothing. Cervantes then released C.I., and she sat back on the couch. C.I. said that this pattern of events was repeated three or four times, with Cervantes asking for a hug, holding C.I. for progressively more invasive contact, then releasing her. C.I. testified that Cervantes rubbed her chest, both above and beneath her clothing; touched her genital area, both above and beneath her clothing; and inserted a finger into her vagina. C.I. said that the insertion hurt, but that she did not protest, cry out, or attempt to leave during or after the incident. C.I. testified that, during the incident, Cervantes was talking to Joann,

2

and that she could see Joann, but did not know whether Joann was looking at her. Joann testified that she did not observe the incident. But on cross-examination, Joann added that she did not know whether the incident had occurred because her attention had been divided between Cervantes and the television and that she had left the room for several minutes. Joann said that her young son Aurelio was also in the room watching television, although C.I. testified that Aurelio was in another room at the time. Following the incident, Cervantes left to go to a bar. After Cervantes left, Joann, Aurelio, and C.I. went into Joann's bedroom to watch a movie. C.I. watched half of the movie, then went to bed.

Ms. Inocencio picked C.I. up the next day as had been agreed. C.I. and Ms. Inocencio spent the rest of the day at Ms. Inocencio's brother's home. When they returned home that evening, C.I. told her mother about the incident. Her mother called the police and hospital, then took C.I. to the emergency room at Round Rock Hospital. The emergency room doctor took C.I.'s medical history and examined her for evidence of sexual assault. He found some redness or irritation in her genital area, but no trauma. Urinalysis suggested a urinary tract infection, so the doctor treated C.I. with antibiotics, although a later test ruled out a bladder infection. The following morning, C.I. and her mother gave separate statements to Thorndale police.

Ms. Inocencio testified that as soon as she picked up C.I. she noticed a difference in C.I.'s demeanor. She also said that C.I. refused a hug later that afternoon from Ms. Inocencio's brother and that since the incident "she doesn't give her uncles or her grandpa or anybody like that hugs" since the incident. She said that C.I. has nightmares and screams that someone is coming after her.

Herby Vaughn, the Thorndale police sergeant who took statements from C.I. and Ms. Inocencio, testified that he watched the forensic interviewer speak with C.I. and that C.I.'s statement to the interviewer was consistent with her earlier statement to him.

## DISCUSSION

In two issues on appeal, Cervantes contends that the evidence is legally and factually insufficient to support his conviction for indecency with a child.

### Standard of review

When there is a challenge to the legal sufficiency of the evidence to sustain a criminal conviction, we consider whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). We review all the evidence in the light most favorable to the verdict, assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *See Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). It is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). We consider even erroneously admitted evidence. *Id.*

In a factual sufficiency review, we consider all the evidence equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836

4

S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Due deference must be accorded the fact-finder's determinations, particularly those concerning the weight and credibility of the evidence, and we may disagree with the result only to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). We will deem the evidence factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484-85; *see Johnson*, 23 S.W.3d at 11.

**Legal sufficiency**

In his first issue, Cervantes asserts that the evidence is legally insufficient to support his conviction for indecency with a child.

A person commits the offense of indecency with a child if that person (1) knowingly or intentionally (2) engages in sexual contact (3) with a child younger than seventeen years of age (4) who is not the spouse of the accused. Tex. Pen. Code Ann. § 21.11(a)(1); *Hill v. State*, 852 S.W.2d 769, 771 (Tex. App.—Fort Worth 1993, pet. ref'd). For purposes of this offense, "sexual contact" includes (1) any touching by a person, including touching through clothing, (2) of the anus, breast, or any part of the genitals of a child (3) with the intent to arouse and gratify the sexual desire of any person. Tex. Pen. Code Ann. § 21.11(c). The requisite specific intent to arouse or gratify the sexual desire of a person can be inferred from conduct, remarks, or all the surrounding circumstances. *Robertson v. State*, 871 S.W.2d 701, 705 (Tex. Crim. App. 1993).

It is undisputed that C.I. was ten years old and not the spouse of Cervantes on November 8, 2003. *See* Tex. Pen. Code Ann. § 21.11(a). The only factual dispute is whether the

5

incident occurred as described by C.I. Cervantes characterizes the evidence against him as entirely circumstantial, but overlooks C.I.'s testimony. A victim's uncorroborated description of events is adequate to establish the elements of indecency with a child. *Ware v. State*, 62 S.W.3d 344, 349 (Tex. App.—Fort Worth 2001, pet. ref'd). The testimony of a child victim alone is sufficient to support a conviction for indecency with a child. *Perez v. State*, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref'd). Viewed in the light most favorable to the verdict, C.I.'s testimony established that an incident occurred during her stay at Joann's house in which Cervantes touched her breast and genitals. We assume that the jury drew a reasonable inference from the surrounding circumstances that Cervantes acted with the intent to arouse or gratify his sexual desire. Thus C.I.'s account of the incident fulfilled the elements of the offense of indecency with a child, and was legally sufficient evidence for a rational trier of fact to find Cervantes guilty of the offense. Cervantes's first issue is overruled.

**Factual sufficiency**

In his second issue, Cervantes contends that the evidence is factually insufficient to support his conviction for indecency with a child. In considering this issue, we consider all the evidence equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona*, 836 S.W.2d at 321. The alternative hypothesis raised by Cervantes at trial was that C.I. lied about the incident. Cervantes suggested that C.I. did so in order to gain attention. To support his hypothesis, he cited inconsistencies in C.I.'s testimony and contradictions between Joann's testimony and Ms. Inocencio's testimony. He also argued that it was unlikely that the

incident could have occurred without Joann noticing, or that C.I. would not have cried out or attempted to escape. He emphasized that C.I. had voluntarily hugged him twice earlier that day.

The inconsistency in C.I.'s testimony concerned the number of times that Cervantes asked her for hugs. At trial, she said that he asked five times, while in her earlier statements she had said that he asked four times. This discrepancy would not prevent a reasonable fact-finder from determining that C.I. was a credible witness.

Joann testified that the visit in question was the second visit to her house by C.I. and Ms. Inocencio. This testimony was corroborated by Vanessa Herrera, who said she had been living with her boyfriend in Joann's home from January to November 8, 2003. Joann said that both C.I. and Ms. Inocencio spent the night during the first visit. She said that C.I. asked to sleep over on the second visit. Ms. Inocencio, on the other hand, testified that between August and November 8, 2003 she and C.I. "were like going every other weekend up there visiting." She said that Joann had asked C.I. to sleep over. C.I. testified that she had not spent the night at Joann's home before the night of the incident. None of the facts at issue in this conflicting testimony are material to the offense with which Cervantes is charged, and the jury was permitted to disbelieve the testimony of Joann and Vanessa and believe the testimony of C.I. and Ms. Inocencio. *Perez*, 113 S.W.3d at 838-39.

Finally, Cervantes did not testify, and thus he did not present any evidence to support his hypothesis. He presented no evidence to explain why C.I. would seek attention by accusing him, or to show any other reason why she would fabricate the incident of which she complains. Therefore, we overrule Cervantes's second issue.

7

## CONCLUSION

We have overruled both of Cervantes's issues. Accordingly, we affirm the trial court's judgment.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Patterson and Pemberton

Affirmed

Filed:   June 23, 2006

Do Not Publish